HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID DENNIS, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br>v.<br><br>AMERIGROUP WASHINGTON INC., a Washington corporation,<br><br>Defendant. | CASE NO. 3:19-cv-05165-RBL<br><br>ORDER<br><br>DKT. # 66 |

THIS MATTER is before the Court on Plaintiff David Dennis's Motion for Reconsideration of One Paragraph of the Court's Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. Dkt. # 66; Dkt. # 64.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, Dennis asks the Court to reconsider an alternate basis for the Court's ruling that Amerigroup's "Benefit Retention Call" did not violate the TCPA because it did not require express consent. Dkt. # 64 at 14. First and foremost, the Court determined that the call was exempt from the TCPA's requirements because it qualified under the law's emergency exemption. *Id*. at 13 ("[T]he Court does find that the 'Benefit Retention Call' was made for emergency purposes."). As an alternate basis for this outcome, the Court also cited the FCC's *2015 Order*, 30 F.C.C. Rcd. 7961, 8022-23 (2015), in which the agency stated that "callers who

make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment." Dennis contends that this so-called "one-call safe harbor" was set aside as arbitrary and capricious by the D.C. Circuit in *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 706-09 (D.C. Cir. 2018).

Dennis is correct that the FCC's "one-call safe harbor" was set aside and courts have since relied on regular tools of statutory interpretation to determine whether a single call to a reassigned number can trigger TCPA liability, at least until the FCC weighs in again. *See Samson v. United Healthcare Servs., Inc.*, No. C19-0175JLR, 2019 WL 2173454, at *4 (W.D. Wash. May 20, 2019) (collecting cases). The Court did not decide this issue on summary judgment and, given that the "Benefit Retention Call" was for emergency purposes, it does not need to decide it now. To the extent that Dennis requests that the Court's Order on summary judgment be amended to correct this error, his Motion is GRANTED. However, the Court is not *reconsidering* the Order's outcome with respect to any issue.

IT IS SO ORDERED.

Dated this 2nd day of March, 2020.

Ronald B. Leighton
United States District Judge