1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

DAVID DENNIS, individually and on
behalf of all others similarly situated,

        Plaintiff,

  v.

AMERIGROUP WASHINGTON, INC., a
Washington corporation,

        Defendant.

Case No. 3:19-cv-05165-RBL

**SECOND AMENDED CLASS ACTION
COMPLAINT**

**JURY DEMAND**

      Plaintiff, David Dennis, individually and on behalf of all other persons similarly situated,

by his undersigned attorneys, for his Second Amended Class Action Complaint against

Defendant, Amerigroup Washington, Inc. ("Amerigroup" or "Defendant"), alleges the following

based upon personal knowledge as to himself and his own action, and, as to all other matters,

respectfully alleges, upon information and belief and investigation of his counsel, as follows:

**INTRODUCTION**

      1.     This case involves violations by Amerigroup of the Telephone Consumer

Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communications Commission ("FCC"

or "Commission") rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA").

2.     Amerigroup is a wholly owned subsidiary of Amerigroup Corporation, which is a subsidiary of Anthem, Inc. ("Anthem").

3.     Amerigroup is a managed health care provider targeting seniors, people with disabilities, low-income families, other state and federally sponsored beneficiaries, and federal employees.

4.     In the ordinary course of its business operations, Defendant engaged in a calling campaign making unsolicited phone calls to Plaintiff and Class Members.

5.     In violation of the TCPA, Defendant used an "artificial or prerecorded voice" and/or an "automatic telephone dialing system," without Plaintiff's and Class Members' "prior express written consent" within the meaning of the TCPA.

6.     The TCPA was enacted to protect consumers from unauthorized and repeated calls exactly like those alleged in this Complaint – autodialed calls utilizing prerecorded messages, placed without consent.

7.     Defendant's violations caused Plaintiff and the members of the putative Classes of consumers (defined below) to experience actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompany the receipt of unsolicited and harassing calls.

8.     In response to Defendant's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited calls, as well as an award of actual and statutory damages to the members of the putative Classes, together with costs and reasonable attorneys' fees.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## JURISDICTION AND VENUE

9.      This matter in controversy exceeds $5,000,000, as each member of the proposed Classes of thousands is entitled to up to $1,500 in statutory damages for each call that has violated the TCPA.   Further, Plaintiff alleges a national class, which will include at least one Class member who is a citizen of a different state from Amerigroup. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

10.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

11.      This Court has personal jurisdiction over Defendant because the conduct at issue in this case occurred, among other locations, in Washington.

12.      Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

13.      Plaintiff David Dennis is, and at all times mentioned herein was, an individual citizen of the State of Washington.

14.      Defendant Amerigroup is a Washington corporation with its principal place of business in Virginia Beach, Virginia.

## THE TELEPHONE CONSUMER PROTECTION
## ACT OF 1991 (TCPA), 47 U.S.C. § 227

15.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

16.      The TCPA regulates, among other things, the use of artificial or prerecorded messages and automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers or prerecorded messages to make any

CLASS ACTION COMPLAINT
CASE NO. 3:19-CV-05165-RBL

-3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339 ~ (415) 956-1000

call to a wireless number in the absence of an emergency or the prior express consent of the called party.

17.     The TCPA accordingly prohibits persons from initiating any telephone call to a residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the FCC. 47 U.S.C. § 227(b)(1)(B); *see also* 47 C.F.R. § 64.1200(a)(2).

18.     As the FCC has explained, Congress prohibited prerecorded and automated telephone calls because it considered such calls to be costly, inconvenient, and a greater nuisance and invasion of privacy than live solicitation calls.

19.     The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[1]

20.     Accordingly, the FCC took steps to further protect consumers from unwanted autodialed calls pursuant to the TCPA.

21.     In particular, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or prerecorded message to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 2008 WL 65485 (2008).

22.     Under the TCPA, the burden is on the caller – here, Amerigroup – to have obtained and documented prior express consent before calls were made.

---

[1] *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14,014 (2003) ("*2003 FCC Declaratory Ruling*").

23.   The TCPA defines an "automatic telephone dialing system" (an "ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[2]

24.   This statutory language dictates that "the term 'automatic telephone dialing system' means equipment which has the capacity—(1) to store numbers to be called *or* (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) (emphasis supplied).[3]

25.   The 2003 FCC order defined a predictive dialer as "an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a telemarketer will be available to take the call."[4]  The FCC concluded that "[t]he basic function of such equipment . . . [is] the capacity to dial numbers without human intervention."[5] A 2008 Declaratory Ruling "affirm[ed] that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers."[6] And in yet another order issued in 2012, the FCC again reiterated that the TCPA's definition of an ATDS "covers any equipment

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] In the past, the FCC has held that this definition is satisfied when a dialing system has the capacity to call "a given set of numbers" or when "dialing equipment is paired with . . . a database of numbers." *2003 FCC Declaratory Ruling*, 18 FCC Rcd. 14,014, 14,092 at ¶ 133 ; *see also In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 566 (F.C.C. 2008) ("*2008 FCC Declaratory Ruling*") (rejecting argument that a dialing system "meets the definition of autodialer only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists" and reasoning that "the teleservices industry had progressed to the point where dialing lists of numbers was far more cost effective").

[4] *Id*. at 14,143 n.31.

[5] *Id*. at 14,092.

[6] *2008 FCC Declaratory Ruling*, 23 FCC Rcd. 559.

that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists."[7] In 2018, a decision struck down portions of a 2015 FCC Order, but "the prior FCC Orders are still binding."[8]

26.     Courts have also held that, based on the TCPA's statutory language, a predictive dialing system constitutes an ATDS under the TCPA.   *See, e.g., Marks*, 904 F.3d at 1051 ("Although Congress focused on regulating the use of equipment that dialed blocks of sequential or randomly generated numbers—a common technology at that time—*language in the statute indicates that equipment that made automatic calls from lists of recipients was also covered by the TCPA*.") (emphasis supplied); *accord Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638-39 (7th Cir. 2012).

27.     Further, courts have long held that that a "called party" under the TCPA is the recipient of the call, not the party the caller was intending to reach.[9]

## FACTUAL ALLEGATIONS

28.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

29.     Beginning in or around December 2018, Plaintiff began receiving numerous autodialed calls, which contained prerecorded messages, on his cellular phone ((XXX) XXX-7604) from Defendant. When Plaintiff did not pick up the phone, Defendant left a

---

[7] *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 15,391, 15,399 (2012).

[8] *Reyes v. BCA Fin. Servs., Inc.*, Case No. 16-24077-CIV, 2018 WL 2220417, at *11 (S.D. Fla. May 14, 2018).

[9] *See, e.g., Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638-39 (7th Cir. 2012).

prerecorded message informing Plaintiff that he should call Defendant back.  From what Plaintiff could gather from the prerecorded message, Defendant was requesting Plaintiff to call him back for purposes of filling out an insurance application in order to acquire insurance through Defendant.  Defendant's prerecorded message further offered to provide Plaintiff with a free first aid kit if he called Defendant back at 844-662-8160.

30.     Plaintiff knew these messages were prerecorded because he heard a robotic sounding voice when he answered the calls and a live person did not respond when he asked to be removed from Defendant's calling list.

31.     There were at least two numbers that appeared in Plaintiff's caller ID for these calls: 978-933-8057 and 267-954-2699.  Defendant called Plaintiff on at least the following dates and times from the aforementioned numbers: December 13, 2018 at 7:43 P.M.; January 8, 2019 at 7:52 P.M.; January 11, 2019 at 12:17 P.M.; and January 14, 2019 at 1:33 P.M.

32.     These numbers appear to be associated with Defendant.  For example, when these numbers are called, the call is answered with a prerecorded message, which acknowledges the company being called is Amerigroup.  In addition, an Internet search of the aforementioned numbers reveals they are associated with Defendant.[10]

33.     Similarly, the "844" number referenced in the prerecorded message appears to be associated with Defendant.  When number is called, that call too is answered with a prerecorded message, which acknowledges the company being called is Amerigroup.

---

[10] *See* https://www.callercenter.com/978-933-8057.html; *see also* https://numpi.com/phone-info/2679542699/.

34.     Amerigroup is, and at all times mentioned herein was a "person", as defined by 47 U.S.C. § 153(39).

35.     In receiving unwanted and unsolicited robocalls calls on his cellular telephone, Plaintiff suffered concrete harm in the form of lost time spent fielding the unwanted calls and attempting to get Defendant to stop the calls, loss of use of his cellular telephone as the calls came in, and the invasion of privacy and intrusion upon his seclusion.

36.     All telephone contact made by Defendant utilized a prerecorded message, as defined by 47 U.S.C. § 227(a)(1).

37.     All telephone contact made by Defendant to Plaintiff on his cellular telephone occurred via a predictive dialer.  The indicia that Defendant used a predictive dialer include the large volume of calls, the long pause and clicking noise before one of Defendant's prerecorded message started playing, and the continued calls even after Plaintiff instructed Defendant to stop calling.  These factors indicate that Defendant used an autodialer that automatically called Plaintiff from a stored list of numbers.

38.     Plaintiff's telephone number called by Defendant was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

39.     Plaintiff did not provide his "prior express consent" allowing Defendant to place calls to Plaintiff's cellular phone utilizing prerecorded messages and an "automatic dialing system" within the meaning of the TCPA. Indeed, Plaintiff was never a customer of Amerigroup, nor had he ever had any prior dealings with Amerigroup whatsoever before Amerigroup began calling him.

40.     Plaintiff tried to request that the calls stop but Defendant's prerecorded messages would not allow him to do so.

41.     The telephone calls made to Plaintiff's cellular phone by Defendant were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

42.     The telephone calls to Plaintiff's cellular phone made by Defendant, which utilized prerecorded messages, violated the TCPA.

43.     The telephone calls to Plaintiff's cellular phone made by Defendant, which utilized prerecorded messages and an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent, violated the TCPA.

44.     Under the TCPA, the burden is on Defendant to demonstrate that Plaintiff provided it with prior express consent within the meaning of the statute.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

46.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

Class I: Prerecorded Message Class

All persons in the United States who received a non-emergency call from Amerigroup that played any artificial or prerecorded voice on or after March 5, 2015 through the date of class certification who have never been an Amerigroup member.

Class II: Autodialer Class

> All persons in the United States who received a non-emergency call from Amerigroup to a cellular telephone using an automated telephone dialing system on or after March 5, 2015 through the date of class certification who have never been an Amerigroup member.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

47.     Plaintiff does not know the exact number of Class members, but on information and belief, the number of Class members at minimum is in the thousands.

48.     Plaintiff and all Class members have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, depletion of their cellular phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

49.     This Class Action Complaint seeks injunctive relief and money damages.

50.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of claims in a class action will provide substantial benefit to the parties and the judicial economy of the Court in avoiding a multiplicity of identical suits. Class members can be identified easily through records maintained by Defendant.

51.     There are well defined, nearly identical, questions of law and fact affecting all Class members. The questions of law and fact involving the Class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

   a.     Whether non-emergency calls made to Plaintiff's and Class members' telephones used an automatic telephone dialing system and/or an artificial or prerecorded voice;

   b.     Whether such calls were made by Defendant;

   c.     Whether Defendant can meet its burden of showing it obtained prior express consent to make such calls;

   d.     Whether Defendant's conduct was knowing and/or willful;

   e.     Whether Defendant is liable for damages, and the amount of such damages; and

   f.     Whether Defendant should be enjoined from engaging in such conduct in the future.

51.     As a person who received numerous and repeated telephone calls using prerecorded messages and an automatic telephone dialing system, without his prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has no interests which are antagonistic to any Class member.

52.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

53.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for the violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and prerecorded and the Class members did not provide prior express written consent, as required under the statute, to authorize such calls to their cellular telephones.

54.     Defendant has acted on grounds applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST COUNT

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

55.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

56.     By initiating telephone calls to Plaintiff and Class members using an artificial or prerecorded voice and/or an automatic telephone dialing system to deliver a message without the prior express consent of the called party, Defendant committed numerous and multiple knowing

1  and/or willful violations of the TCPA, including but not limited to each of the above cited

2  provisions of 47 U.S.C. § 227.

3      57.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227,

4  Plaintiff and each Class member are entitled to treble damages of up to $1,500 for each and

5

6  every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

7      58.      Plaintiff and all Class members are also entitled to and do seek injunctive relief

8  prohibiting such conduct violating the TCPA by Defendant in the future. Plaintiff and members

9  are also entitled to an award of attorneys' fees and costs.

10                              **SECOND COUNT**

11

12  **STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER
PROTECTION ACT, 47 U.S.C. § 227**

13      59.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as

14  if fully set forth herein.

15      60.     By initiating telephone calls to Plaintiff and Class members using an artificial or

16

17  prerecorded voice and/or an automatic telephone dialing system to deliver a message without the

18  prior express consent of the called party, Defendant committed numerous and multiple violations

19  of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227.

20      61.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff and Class

21  members are entitled to an award of $500 in statutory damages for each and every violation of

22  the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

23      62.     Plaintiff and Class members are also entitled to and do seek injunctive relief

24

25  prohibiting Defendant's violation of the TCPA in the future.

26

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A.      Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

B.      As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C.      As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500 in statutory damages for each and every violation of the TCPA;

D.      An award of attorneys' fees and costs to counsel for Plaintiff and the Classes;

E.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes and any Subclass(es) the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes and any Subclass(es), and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes and any Subclass(es);

F.      Such other relief as the Court deems just and proper.

1   Dated: June 5, 2020                    Respectfully submitted,

2                                          **FRANK FREED SUBIT &
                                           THOMAS LLP**
3
                                           By:____/s/ Michael C. Subit_____
4
5                                          Michael C. Subit, WSBA #29189
                                           705 Second Avenue, Suite 1200
6                                          Seattle, Washington 98104
                                           Telephone: (206) 682-6711
7                                          Facsimile: (206) 682-0401
                                           Email: msubit@frankfreed.com
8
                                           **LIEFF CABRASER HEIMANN
9                                          & BERNSTEIN, LLP**
                                           Daniel M. Hutchinson
10                                         Email: dhutchinson@lchb.com
                                           Evan J. Ballan
11                                         Email:  eballan@lchb.com
                                           275 Battery Street, 29th Floor
12                                         San Francisco, CA  94111-3339
                                           Telephone:  (415) 956-1000
13                                         Facsimile:  (415) 956-1008

14                                         **LIEFF CABRASER HEIMANN
                                           & BERNSTEIN, LLP**
15                                         Jonathan D. Selbin
                                           250 Hudson Street, 8th Floor
16                                         New York, NY  10013
                                           Telephone:  (212) 355-9500
17                                         Facsimile:  (212) 355-9592
                                           E-mail:  jselbin@lchb.com
18
                                           **MASON LIETZ & KLINGER, LLP**
19                                         Gary M. Klinger
                                           227 W. Monroe Street, Ste. 2100
20                                         Chicago, Illinois 60606
                                           Telephone: (847) 208-4585
21
                                           E-mail:  gklinger@masonllp.com
22
                                           *Counsel for Plaintiff and the Proposed
23                                         Class*

24

25

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 5, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   Parties may access this filing through the Court's electronic filing system.


                                          /s/ *Daniel M. Hutchinson*

                                          Daniel M. Hutchinson