THE HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12

DAVID DENNIS, individually and on behalf of
others similarly situated,

Case No. 3:19-cv-05165-JLR

13
14

Plaintiff,

15

v.

16
17

AMERIGROUP WASHINGTON, INC., a
Washington corporation,

18
19

Defendant.

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASSES**

Noting Date:  November 3, 2020

20
21
22
23
24
25
26

Unopposed Motion for Preliminary
Approval of Class Action Settlement –
Case No. 3:19-cv-05165-JLR

2055374.1

**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Phone.: (202) 429-2290

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1
II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ..........................1
        a.      The TCPA ...............................................................................................1
        b.      Procedural Posture .................................................................................2
                i.      The Complaint ..............................................................................2
                ii.     Early Discovery Motions ..............................................................2
                iii.    Defendant's Motion for Summary Judgment ................................3
                iv.     Additional Discovery Motions .....................................................3
                v.      Settlement Negotiations ...............................................................4
III.    SUMMARY OF SETTLEMENT ........................................................................4
        a.      Settlement Class .....................................................................................4
        b.      Settlement Benefits ................................................................................5
                i.      Injunctive Relief ...........................................................................5
                ii.     Monetary Relief ............................................................................5
        c.      Notice and Claims Administration .........................................................6
                i.      CAFA Notice .................................................................................6
                ii.     The Claims Administrator .............................................................6
                iii.    Direct Mail Notice and a Settlement Website ..............................6
        d.      Claims, Requests for Exclusion, and Objections....................................7
        e.      Release ....................................................................................................8
        f.      Fees, Costs, and Service Awards ...........................................................8
IV.     LEGAL AUTHORITY .........................................................................................9
V.      LEGAL DISCUSSION ........................................................................................9
        a.      The Settlement Class Should be Preliminarily Approved. ...................10
                i.      The proposed Class is sufficiently numerous. ...........................11
                ii.     Questions of law and fact are common to the Class..................11
                iii.    Plaintiff's claims and defenses are typical to those of the
                        Settlement Class. ........................................................................12
                iv.     Plaintiff will adequately protect the interests of the Class. ......12
                v.      Common issues predominate over individualized ones. .........13

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR          -ii-

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

2055374.1

1

**TABLE OF CONTENTS**
**(continued)**

2

Page

3        vi.    A class action is superior to other methods for the fair and efficient
                adjudication of the claims of Plaintiff and the class. ................................ 14

4      b.    The Settlement Terms are Fair, Adequate, and Reasonable. ................................ 15

5        i.    The strengths of Plaintiff's case, risks inherent in continued
                litigation against Amerigroup, and the difficulty in winning and
6                maintaining class action certification favor preliminary approval. .......... 17

7        ii.    The immediate, meaningful cash relief afforded by the Settlement
                favors preliminary approval. ................................................................. 19

8        iii.    The posture of this case and experience of counsel favor
                preliminary approval. ........................................................................... 21

9        iv.    The Settlement treats Settlement Class Members equitably. ................... 22

10      c.    This Court Should Approve the Parties' Proposed Notice Plan. ......................... 22

11    VI.    CONCLUSION ............................................................................................. 24

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Phone.: (202) 429-2290

1

## TABLE OF AUTHORITIES

2
**Page**

3
**Cases**

4
*Adams v. Allianceone Receivables Mgmt., Inc.,*
  No. 3:08-cv-00248-JAH-WVG, ECF No. 113 (S.D. Cal. Apr. 23, 2012) ...............................21
5
*Agne v. Papa John's Int'l,*
  No. 2:10-cv-01139, ECF No. 389 (W.D. Wash.) ......................................................................21
6
*Amchem Prods., Inc. v. Windsor,*
7
  521 U.S. 591 (1997) .......................................................................................................11, 13, 14
8
*Arthur v. Sallie Mae, Inc.,*
  No. 10–CV198–JLR, 2012 WL 4075238 (W.D. Wash. Sept. 17, 2012) .................................20
9
*Barr v. Am. Ass'n of Political Consultants, Inc.,*
  No. 19-631, 2020 WL 3633780 (U.S. July 6, 2020) ...............................................................18
10
*Butler v. Sears, Roebuck & Co.,*
11
  727 F.3d 796 (7th Cir. 2013) ....................................................................................................13
12
*Bykov v. DC Trans. Servs., Inc.,*
  No. 2:18-cv-1692 DB, 2019 WL 1430984 (E.D. Cal. Mar. 29, 2019)..............................15, 22
13
*Clark v. Payless ShoeSource, Inc.,*
  No. 2:09-cv-00915, ECF Nos. 61, 72 (W.D. Wash.) ...............................................................21
14
*Class Plaintiffs v. City of Seattle,*
  955 F.2d 1268 (9th Cir. 1992) ..................................................................................................10
15
*Connor v. JPMorgan Chase Bank,*
16
  No. 10 CV1284, ECF No. 113 (S.D. Cal. May 30, 2014)........................................................21
17
*Cubbage v. The Talbots, Inc.,*
  No. 2:09-cv-00911, ECF No. 114 (W.D. Wash.) .....................................................................21
18
*Eisen v. Carlisle & Jacquelin,*
  417 U.S. 156 (1974). .................................................................................................................23
19
*Facebook, Inc. v. Duguid,*
  No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020) ...............................................................18
20
*Franklin v. Kaypro Corp.,*
21
  884 F.2d 1222 (9th Cir. 1989)...................................................................................................17
22
*Garret v. Sharps Compliance, Inc.,*
  No. 1:10-cv-04030, ECF No. 74 (N.D. Ill.) .............................................................................21
23
*Gautreaux v. Pierce,*
  690 F.2d 616 (7th Cir. 1982).....................................................................................................16
24
*Gehrich v. Chase Bank USA, N.A.,*
  316 F.R.D. 215 (N.D. Ill. 2016) ...............................................................................................21
25

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR

-iv-

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

2055374.1

1

**TABLE OF AUTHORITIES**
**(continued)**

2

Page

3    *Grant v. Capital Mgmt. Servs., L.P.,*
         449 F. App'x 598 (9th Cir. 2011) ..........................................................................1

4    *Gribble v. Cool Transps. Inc.,*
5        No. CV 06-4863 GAF (SHx), 2008 WL 5281665 (C.D. Cal. Dec. 15, 2008) .........16

6    *Hanlon v. Chrysler Corp.,*
         150 F.3d 1011 (9th Cir. 1998) ....................................................................passim

7    *Hartranft v. TVI, Inc.,*
         No. 15-01081-CJC-DFM, 2019 WL 1746137 (C.D. Cal. Apr. 18, 2019) ...............25

8    *Holly v. Alta Newport Hosp.,* No. 2:19-cv-07496,
         2020 WL 1853308 (Apr. 10, 2020) ...........................................................................11

9
10   *In re Capital One Tel. Consumer Prot. Act Litig.,*
         80 F. Supp. 3d 781 (N.D. Ill. 2015)...........................................................................20

11   *In re Jiffy Lube Int'l, Inc.,*
         No. 11-02261, ECF No. 97 (S.D. Cal.) .....................................................................21

12   *In re Mercury Interactive Corp.,*
         618 F.3d 988 (9th Cir. 2010)........................................................................................9

13   *In re Tableware Antitrust Litig.,*
         484 F. Supp. 2d 1078 (N.D. Cal. 2007)......................................................................15

14
15   *Ira Holtzman, C.P.A. v. Turza,*
         728 F.3d 682 (7th Cir. 2013)......................................................................................13

16   *James v. JPMorgan Chase Bank, N.A.,*
         No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118 (M.D. Fla. Nov. 22, 2016) .....20, 24

17   *Johnson v. Navient Sols., Inc., f/k/a Sallie Mae, Inc.,*
         No. 1:15-cv-0716-LJM (S.D. Ind.).............................................................................20

18   *Keegan v. Am. Honda Motor Co.,*
         284 F.R.D. 504 (C.D. Cal. 2012) ...............................................................................13

19
20   *Lucas v. Kmart Corp.,*
         234 F.R.D. 688 (D. Colo. 2006)..................................................................................16

21   *Malta v. Fed. Home Loan Mortg. Corp.,*
         No. 10-CV-1290 BEN NLS, 2013 WL 444619 (S.D. Cal. Feb. 5, 2013)......12, 13, 14

22   *Manno v. Healthcare Revenue Recovery Grp., LLC,*
         289 F.R.D. 674 (S.D. Fla. 2013) ................................................................................15

23   *Markos v. Wells Fargo Bank, N.A.,*
         No. 1:15-cv-01156-LMM, 2017 WL 416425 (N.D. Ga. Jan. 30, 2017) ...................21

24   *Meyer v. Portfolio Recovery Assocs., LLC,*
25       707 F.3d 1036 (9th Cir. 2012) .............................................................................12, 13

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –          -v-
CASE NO. 3:19-CV-05165-JLR
2055374.1

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE: (202) 429-2290

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3
*Murillo v. Pac. Gas & Elec. Co.*,
266 F.R.D. 468 (E.D. Cal. 2010)............................................................................16

4
*Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004)............................................................................22

5

6
*Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.*,
303 F.R.D. 337 (E.D. Cal. 2014)............................................................................16

7
*Orantes-Hernandez v. Smith*,
541 F. Supp. 351 (C.D. Cal. 1982)..........................................................................11

8
*Picchi v. World Fin. Network Bank*,
No. 11-CV-61797-CIV-Altonaga/O'Sullivan (S.D. Fla. Jan. 30, 2015)..................19

9

10
*Rannis v. Recchia*,
380 F. App'x 646 (9th Cir. 2010)............................................................................11

11
*Revitch v. Citibank, N.A.*, No. C 17-06907 WHA,
2019 WL 1903247 (N.D. Cal. Apr. 28, 2019)........................................................18

12
*Rinky Dink, Inc. v. World Bus. Lenders, LLC*,
No. C14-0268-JCC, 2016 WL 4052588 (W.D. Wash. Feb. 3, 2016) ......................19

13
*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009)..................................................................................22

14

15
*Roes, 1–2 v. SFBSC Mgmt., LLC*,
944 F.3d 1035 (9th Cir. 2019)......................................................................16, 22, 23

16
*Rose v. Bank of Am. Corp.*,
Nos. 11 C 2390 & 12 C 4009, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) ........20

17
*Schuchardt v. Law Office of Rory W. Clark*,
314 F.R.D. 673 (N.D. Cal. 2016) ...........................................................................22

18
*Spencer v. #1 A LifeSafer of Ariz., LLC*,
No. CV-18-02225-PHX-BSB, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019) ............25

19

20
*Spillman v. RPM Pizza, LLC*,
No. 10-349, 2013 WL 2286076 (M.D. La. May 23, 2013) ......................................21

21
*Steinfeld v. Discover Fin. Servs.*,
No. C 12-01118 JSW, 2014 WL 1309352 (N.D. Cal. Mar. 31, 2014).....................20

22
*Van Patten v. Vertical Fitness Grp., LLC*,
847 F.3d 1037 (9th Cir. 2017)...................................................................................2

23
*Wilkins v. HSBC Bank Nev., N.A.*,
No. 14-190, 2015 WL 890566 (N.D. Ill. Feb. 27, 2015)..........................................21

24

25
*Williams v. Bluestem Brands, Inc.*,
No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090 (M.D. Fla. Apr. 2, 2019)..............19, 24

26

Unopposed Motion for Preliminary
Approval of Class Action Settlement –
Case No. 3:19-cv-05165-JLR
2055374.1

-vi-

**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
PHONE: (202) 429-2290

1

**TABLE OF AUTHORITIES**
(continued)

2
Page

3
**Statutes**

4
28 U.S.C. § 1715 .................................................................................................6

5
47 U.S.C. § 227(b)(1)(A) ....................................................................................2

47 U.S.C. § 227(b)(1)(A)(iii) ........................................................................1, 3

6
47 U.S.C. § 227(b)(3)(B) ..................................................................................17

7
47 U.S.C. § 227(b)(3)(C)..................................................................................17

8
Telephone Consumer Protection Act,
    47 U.S.C. § 227 ........................................................................................1, 2

9
**Rules**

10
Fed. R. Civ. P. 23(a)(1) ....................................................................................11

11
Fed. R. Civ. P. 23(a)(2) ....................................................................................12

Fed. R. Civ. P. 23(a)(3) ....................................................................................12

12
Fed. R. Civ. P. 23(a)(4) ....................................................................................13

13
Fed. R. Civ. P. 23(b)(3) ....................................................................................14

14
Fed. R. Civ. P. 23(b)(3)(D) ..............................................................................15

Fed. R. Civ. P. 23(c)(2)(B)..........................................................................23, 24

15
Fed. R. Civ. P. 23(e) ..............................................................................9, 17, 23

16
Fed. R. Civ. P. 23(e)(2) ....................................................................................16

17
**Other Authorities**

18
4 *Newberg on Class Actions* § 11.41 (4th ed. 2002) ........................................10

19
*Manual for Complex Litigation (Fourth)* § 21.63 (2004) .................................9

*Manual for Complex Litigation (Fourth)* § 21.632 (2004) .............................10

20
*Manual for Complex Litigation (Fourth)* § 21.312 ........................................24

21
Wright, et al., *Fed. Prac. and Proc.* § 1777 (2d ed. 1986)...............................13

22
**Regulations**

23
64 C.F.R. § 64.1200(b)(3) ...................................................................................3

24

25

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR
2055374.1

-vii-

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3    This case arises from Plaintiff's allegation that Amerigroup used an automatic telephone

4 dialing system to place calls or placed prerecorded calls—without prior express consent—to

5 cellular telephone numbers of proposed Settlement Class Members in violation of the Telephone

6 Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Amerigroup denies all wrong doing.

7    After extensive litigation followed by arms' length negotiations, and with the assistance of

8 an independent third-party mediator, Hon. Sidney I. Schenkier (Ret.), the parties reached a

9 Settlement Agreement that provides for a $541,800 non-reversionary settlement fund from which

10 approximately 5,481 Settlement Class Members will receive payments of $100, as well as

11 injunctive relief in the form of company-implemented remedial measures. Mr. Dennis and his

12 counsel firmly believe that the Settlement is fair, reasonable, adequate, and in the best interests of

13 the Settlement Class. This is especially so in light of the substantial risks and uncertainties of

14 protracted litigation, and the meaningful cash payments that participating Settlement Class

15 Members stand to receive as a result of the Settlement. As discussed below, the proposed settlement

16 would resolve all claims in this action, for both Plaintiff and the Settlement Class.

17    Accordingly, Plaintiff moves for preliminary approval of the class action settlement.

18 Amerigroup does not oppose this relief.

19 **II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

20        **a.    The TCPA**

21    "The TCPA prohibits persons from (1) making 'any call,' (2) 'using any automatic

22 telephone dialing system or an artificial or prerecorded voice,' (3) 'to any telephone number

23 assigned to a . . . cellular telephone service. . . .'" *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x

24 598, 600 (9th Cir. 2011) (internal citation omitted); 47 U.S.C. § 227(b)(1)(A)(iii).

25    A caller has a complete defense to a TCPA claim if it can demonstrate that it made the

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR
2055374.1

- 1 -

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1    subject calls with the prior express consent of the called party. *See Van Patten v. Vertical Fitness*

2    *Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017).[1]

3            **b.    Procedural Posture**

4                    i.    The Complaint

5            Plaintiff filed his original Complaint on March 5, 2019 in the Western District of

6    Washington alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

7    ("TCPA") on behalf of himself and all similarly situated individuals. ECF No. 1; *see also* Decl. of

8    Gary M. Klinger in Supp. of Pl.'s Unopposed Mot. for Prelim. App. ¶ 13 ("Klinger Decl.").

9    Specifically, Plaintiff alleged that Amerigroup Washington, Inc. ("Amerigroup" or "Defendant"),

10   made multiple calls to, and/or left prerecorded messages on, his cell phone and the cell phones of

11   class members and/or used an automatic telephone dialing system ("ATDS") without his consent

12   or the consent of class members. Klinger Decl. ¶ 14.

13                   ii.    Early Discovery Motions

14           This action has been actively litigated. The Parties have engaged in wide-ranging discovery

15   and have extensively investigated the facts and issues related to the allegations asserted. *Id.* at ¶ 15.

16   Defendant filed its Answer to Plaintiff's Complaint on April 5, 2019. *Id.* at ¶ 16. On May 3, 2019,

17   pursuant to the stipulated motion granted by the Court, Plaintiff filed his First Amended

18   Complaint—which Amerigroup answered on May 22, 2019. *Id.* at ¶¶ 17, 18.

19           On August 21, 2019, Amerigroup filed a motion to bifurcate discovery. *Id.* at ¶ 19. Plaintiff

20   opposed Defendant's motion, and filed a motion to compel production of the Call List and Call

21   Data[2] pertinent to his investigation into class certification issues. *Id.* at ¶¶ 19, 20. On September

22   19, 2019, this Court granted Defendant's Motion to Bifurcate Discovery, pausing class discovery

23   pending completion of an assessment of merits of Plaintiff's claims and Defendant's early filing of

24

25   [1] The TCPA also exempts from liability calls "made for emergency purposes[.]" 47 U.S.C. §
     227(b)(1)(A). The "emergency purposes" defense is not at issue here.

26   [2] The Call List and Call Data refers to the call records and call data as defined in Plaintiff's Motion.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR                        - 2 -
2055374.1

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1   a motion for summary judgment. *Id.* at ¶ 21.

2          iii.    Defendant's Motion for Summary Judgment

3          Amerigroup filed its motion for summary judgment on November 15, 2015, which the

4   parties fully briefed. *Id.* at ¶¶ 24–26. Defendant argued, among other things, that the calls were not

5   telemarketing and that the calls were placed for an emergency purpose. *Id.* On February 10, 2020

6   the Court issued its Order, granting in part and denying in part, Defendant's Motion for Summary

7   Judgment. *Id.* at ¶ 27. The Court found that Plaintiff's class claims that Defendant robocalled him

8   without prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii), could proceed, but

9   entered summary judgment for Defendant with respect to Plaintiff's claims that Defendant's calls

10  were telemarketing and that at least one of the calls was placed for an emergency purpose. *Id.*

11         Plaintiff thereafter proceeded with his remaining class claims that Defendant made robocalls

12  without prior express consent. *Id.* at ¶ 30.

13         iv.    Additional Discovery Motions

14         On February 28, 2020, Plaintiff filed a renewed Motion to Compel Discovery, again seeking

15  the Call List and Call Data utilized by Amerigroup. *Id.* at ¶ 31. After full briefing, the Court granted

16  Plaintiff's Motion to Compel Discovery, ordering Amerigroup to "produce the requested Call List

17  and Call data to plaintiff by April 3, 2020." On April 10, 2020, Amerigroup filed a Motion for

18  Protective Order, arguing that without an amendment of the class definitions, Amerigroup was

19  unable to comply with the Court's Order. ECF No. 77. Plaintiff also filed a Motion for Sanctions

20  against Amerigroup arguing that it had failed to comply with the Court's Order. ECF No. 78. The

21  Court denied Plaintiff's Motion for Sanctions and denied as moot Amerigroup's Motion for

22  Protective Order, holding that Amerigroup could not comply with its Order because Plaintiff had

23  not redefined its class after the Court removed the telemarketing claims on Summary Judgment.

24  ECF No. 84.

25         Overall, Amerigroup produced data and approximately 2,230 pages of documents over a

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR

- 3 -

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

2055374.1

1   period of many months. *Id.* at ¶ 36. On June 5, 2020, Plaintiff filed his Second Amended (and

2   operative) Complaint. *Id.* at ¶ 32. Following the filing of the Second Amended Complaint, the

3   Parties agreed to mediate the dispute.

4                        v.      Settlement Negotiations

5        The Parties reached their Settlement Agreement only after significant written discovery,

6   extensive motion practice, and good faith, arms'-length settlement negotiations before the Hon.

7   Sidney I. Schenkier (Ret.). *Id.* at ¶ 37. After agreeing to mediation, the parties submitted detailed

8   briefs and participated in a pre-mediation conference call with the Judge. *Id.* at ¶ 38. The full-day

9   mediation took place in Chicago, Illinois on July 16, 2020. *Id.* at ¶ 39. After an impasse, the Parties

10  finally settled with the assistance of a mediator's proposal from Judge Schenkier. *Id.* at ¶ 40.

11       With the preliminary agreement in place, negotiations on the final form and substance of

12  the Settlement Agreement continued over the course of several months. *Id.* at ¶ 42. The Settlement

13  Agreement was finalized and fully executed on October 15, 2020. *Id.*

14  **III.   SUMMARY OF SETTLEMENT**

15       The Settlement Agreement negotiated on behalf of Plaintiff and the proposed Settlement

16  Class requires Amerigroup to create a non-reversionary settlement fund of $100 per class

17  member—at least $541,800—and provides for significant injunctive relief. *Id.* at ¶¶ 48–51.

18       **a.   Settlement Class**

19  The Settlement Classes are defined as:

20              [a]ll persons in the United States who received a non-emergency call
21              from Amerigroup Washington, Inc. that played any artificial or
                prerecorded voice on or after March 5, 2015 through the date of class
22              certification whose telephone number has been associated with a
                disposition code of "wrong party" at any time in Defendant's
23              records; and

24              [a]ll persons in the United States who received a non-emergency call
                from Amerigroup, Washington, Inc. to a cellular telephone dialing
25              system on or after March 5, 2015 through the date of class
                certification whose telephone number has been associated with a
26              disposition code of "wrong party" at any time in Defendant's

---

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR
2055374.1

- 4 -

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

records.

*Id.* at ¶ 44. At the time the Settlement Agreement was signed, the class was comprised of approximately 5,418 individuals. The Parties expect that the class could continue to grow in the roughly linear fashion that it has grown throughout the class period until the date of preliminary approval, and will work to confirm the final number to a reasonable degree of certainty. *Id.* at ¶ 48.

**b.     Settlement Benefits**

i.     Injunctive Relief

By the terms of the Settlement Agreement, Amerigroup has agreed to implement injunctive relief in the form of remedial measures including: (a) enrolling in and using a reassigned number database for all calling programs by no later than the time when the FCC's reassigned number database becomes available; (b) creating and implementing an internal wrong number database for all calling programs; and (c) providing training with regard to (a) and (b) as part of the regular course of its business for its employees and agents involved in any aspect of its calling programs. *Id.* at ¶ 50. This injunctive relief is designed to help ensure that Defendant will not violate the TCPA with regard to calls in the future. *Id.* at ¶ 51.

ii.     Monetary Relief

Additionally, the Settlement Agreement requires Amerigroup to provide significant monetary relief. Amerigroup will create a non-reversionary Settlement Fund consisting of $100 per wrong number code in Defendant's and/or its vendors' records, for a total of at least $541,800. *Id.* at ¶ 52.

All Settlement Class Members who submit a Claim Form will receive a $100 Benefit Check. *Id.* at ¶ 53. If any funds are available after distribution of initial funds to Settlement Class Members, such funds will be distributed in equal shares to all Settlement Class Members who cashed their initial benefit checks. *Id.* at ¶ 54. Any remaining funds will be distributed to the Cy Pres Recipient. Agr. ¶ 3.4(d). *Id.* at ¶ 55. The Cy Pres recipient shall be a mutually agreeable non-profit organization

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR
2055374.1

- 5 -

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1   related to healthcare and subject to Court approval. *Id.* Importantly, the Settlement Fund will not

2   be used to pay attorneys' fees, cost of providing notice, and other Settlement Costs; such additional

3   expenses will be paid separately by Defendant. *Id.* at ¶ 57.

4        No funds will revert back to Amerigroup. *Id.* at ¶ 56.

5        **c.    Notice and Claims Administration**

6              i.    <u>CAFA Notice</u>

7        Amerigroup has agreed to serve the Class Action Fairness Act notice required by 28 U.S.C.

8   § 1715 within ten days after Plaintiff files his motion for preliminarily approval of the settlement.

9   *Id.* at ¶ 59. Amerigroup shall take all steps to ensure the Settlement Administrator has contracted to

10  retain such documents and records in accordance with the Settlement Agreement. *Id.*

11            ii.   <u>The Claims Administrator</u>

12       The Parties jointly chose KCC as the Settlement Administrator. *Id.* at ¶ 60. The Settlement

13  Administrator will be responsible for disseminating notice to potential class members and

14  administering the Settlement payments. *Id.*

15       The costs for notice and claims administration will be paid by Amerigroup separate and

16  apart from the Settlement Fund. *Id.* at ¶ 62.

17            iii.   <u>Direct Mail Notice and a Settlement Website</u>

18       The Settlement Agreement requires notice to be provided to the class that is the best

19  practicable notice under the circumstances. *Id.* at ¶ 63. The Notice will clearly communicate:

20  contact information for Class Counsel; the address of the Settlement Website which will contain

21  links to relevant documents and information including notice, motions for approval, and motions

22  for attorneys' fees and costs; and the date of the final approval hearing. *Id.* at ¶ 64, *See* Exs. A-3

23  and A-4. Notice will additionally provide Settlement Class Members with instructions on how to

24  make a claim, opt-out, or object to the Settlement. *Id.*

25       Individual notice will be mailed by the Claims Administrator to all Settlement Class

26

Unopposed Motion for Preliminary
Approval of Class Action Settlement –
Case No. 3:19-cv-05165-JLR

- 6 -

2055374.1

**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Phone.: (202) 429-2290

1   Members for whom a physical address is available. *Id.* at ¶ 65. To get physical addresses for the

2   Settlement Class Members, the Claims Administrator will conduct research to identify the owners

3   of cell phones contained on the Class List. *Id.* at ¶ 66. The Settlement Administrator will then

4   compare results of such research to the names and addresses associated with these numbers as

5   contained in Defendant's records. *Id.* Where the records match, the person so identified will be sent

6   notice. Where the records and research do not match, the person identified by the Settlement

7   Administrator as associated with the number on the Class List will receive notice. *Id.*

8         Using the addresses identified, the Settlement Administrator will mail a postcard notice,

9   return service requested. *Id.* at ¶ 67, Ex. A–4. Any postcard returned as undeliverable will be re-

10  mailed to forwarding addresses. *Id.* at ¶ 67. For postcards returned as undeliverable with no

11  forwarding address, the Settlement Administrator shall perform data searches of the U.S. Postal

12  Services National Change of Address database and/or any other reasonably available databases, and

13  shall perform at least one re-mailing to the most current address information obtained. *Id.*

14        The Settlement Administrator will also maintain a Settlement Website by which Settlement

15  Class Members can access relevant documents including: Settlement Agreement; the Long Form

16  Class Notice; a Claim Form; and the Motion for Preliminary Approval. *Id.* at ¶ 69.

17        **d.    Claims, Requests for Exclusion, and Objections**

18        The Settlement Agreement is structured to allow Settlement Class Members sufficient time

19  to review pertinent documents and determine whether they wish to make a claim, request to be

20  excluded, object to the Settlement Agreement, or do nothing at all. *Id.* at ¶ 70.

21        Settlement Class Members will have 90 days from the date the Preliminary Approval order

22  is issued to submit a completed Claim Form. *Id.* at ¶ 71. The Claim Form is clear and simply written.

23  *Id.,* Ex. A-1.

24        Settlement Class Members will have 90 days from the date the Preliminary Approval order

25  is issued to request exclusion from or "opt-out" of the Settlement. *Id.* at ¶ 72. Subject to this Court's

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR

- 7 -

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

2055374.1

1   approval, to opt-out a Settlement Class Member must mail a written and signed request for

2   exclusion to the Settlement Administrator that includes his or her name, address, telephone, the

3   name and case number of the Action, and a clear and unequivocal statement that he or she wishes

4   to be excluded from the settlement. *Id.*

5         Objections must also be made by 90 days from the date the Preliminary Approval Order is

6   issued. *Id.* at ¶ 73. Subject to this Court's approval, objections must be in writing and include: the

7   Settlement Class Member's full name; address; telephone number; signature of the objecting party;

8   a statement of the specific reasons for the objection, and a detailed statement of the legal and factual

9   bases for the objection(s); the identity of all witnesses, including names and addresses, and

10  summary of proposed testimony, who may be called to testify at the Final Fairness Hearing, along

11  with copies of all evidence the objecting Settlement Class Member may offer at the Final Approval

12  Hearing; and a statement noting whether the Settlement Class Member and/or his/her/its attorney

13  intends to appear at the Fairness Hearing, and if so, he/she/it must file a notice of appearance and

14  shall include the full caption and case number of each previous class action in which such counsel

15  has represented an objector. *Id.*

16        **e.**    **Release**

17        The Release negotiated is tied to the allegations made and two class TCPA claims asserted

18  in Plaintiff's operative complaint. *Id.* at ¶ 74. Upon the Court's entry of a Final Order, and

19  Settlement Class Member that has not excluded themselves from the Settlement Agreement will

20  release, forever discharge, will not in any manner pursue this Action, and shall be forever barred

21  from asserting, instituting, or maintaining any claim that Settlement Class Members may have had

22  against Amerigroup for the violations of the TCPA asserted. *Id.*

23        **f.**    **Fees, Costs, and Service Awards**

24        No later than 30 days after the Preliminary Approval Order is entered, Plaintiff will file a

25  motion seeking approval of requested attorneys' fees, costs, and a service award for Plaintiff. *Id.* at

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR
2055374.1

- 8 -

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

¶ 75. This motion will address the requests Plaintiff makes pursuant to the Settlment Agreement in detail. Consistent with best practices and *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010), Plaintiff will post that motion to the Settlement Website.

The Settlement Agreement provides that Plaintiff will make an application for fees and costs in the amount of $200,000, plus any out-of-pocket costs incurred, which is the amount recommended by Judge Schenkier after an independent arbitration to decide attorneys' fees and costs. *Id.* at ¶ 76. Additionally, Plaintiff may seek an Incentive Award of up to $10,000 to be paid separate and in addition to the Settlement Fund. *Id.* at ¶ 77. The requested service award is meant to promote the public policy of taking on representative actions, as well as to provide some additional compensation for Plaintiff's efforts in bringing about both the case and the agreed-upon Settlement. *Id.*

## IV.    LEGAL AUTHORITY

Plaintiff brings this motion pursuant to Federal Rule Civil Procedure 23(e), under which court approval is required to finalize a class action settlement. Courts, including those in this Circuit, endorse a three-step procedure for approval of class action settlements: (1) preliminary approval of the proposed settlement followed by (2) dissemination of court-approved notice to the class and (3) a final fairness hearing at which class members may be heard regarding the settlement and at which evidence may be heard regarding the fairness, adequacy, and reasonableness of the settlement. *Manual for Complex Litigation (Fourth)* § 21.63 (2004).

Here, Plaintiff requests the Court take the first step, and preliminarily approve of the proposed Settlement Agreement.

## V.    LEGAL DISCUSSION

Federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v.*

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR
2055374.1

- 9 -

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1  *City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors

2  settlements, particularly where complex class action litigation is concerned"); 4 *Newberg on Class*

3  *Actions* § 11.41 (4th ed. 2002) (citing cases). More traditional means of handling claims like those

4  at issue here—individual litigation—would unduly tax the court system, require massive

5  expenditures of resources, and given the relatively small value of the claims of the individual class

6  members, would be impracticable. Thus, a settlement—and specifically the Settlement Agreement

7  proposed here—provides the best vehicle for Settlement Class Members to receive the relief to

8  which they are entitled in a prompt and efficient manner.

9         a.       **The Settlement Class Should be Preliminarily Approved.**

10        The *Manual for Complex Litigation (Fourth)* advises that in cases presented for both

11  preliminary approval and class certification, the "judge should make a preliminary determination

12  that the proposed class satisfies the criteria." § 21.632. Plaintiff here seeks certification of a

13  Settlement Classes consisting of:

14              [a]ll persons in the United States who received a non-emergency call
                from Amerigroup Washington, Inc. that played any artificial or
15              prerecorded voice on or after March 5, 2015 through the date of class
                certification whose telephone number has been associated with a
16              disposition code of "wrong party" at any time in Defendant's
                records; and
17
18              [a]ll persons in the United States who received a non-emergency call
                from Amerigroup, Washington, Inc. to a cellular telephone dialing
19              system on or after March 5, 2015 through the date of class
                certification whose telephone number has been associated with a
20              disposition code of "wrong party" at any time in Defendant's
                records.

21  Klinger Decl. ¶ 44.

22        The Settlement Class definitions are defined near identically to the classes defined in

23  Plaintiff's Second Amended Complaint, and were revised only to reflect findings made during

24  discovery. *Id.* at ¶ 46.

25        Because a court evaluating certification of a class action that settled is considering

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR
2055374.1

- 10 -

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1   certification only in the context of settlement, the court's evaluation is somewhat different than in

2   a case that has not yet settled. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In some

3   ways, the court's review of certification of a settlement-only class is lessened: as no trial is

4   anticipated in a settlement-only class case, the case management issues inherent in the ascertainable

5   class determination need not be confronted. *See id.* Other certification issues however, such as

6   "those designed to protect absentees by blocking unwarranted or overbroad class definitions"

7   require heightened scrutiny in the settlement-only class context "for a court asked to certify a

8   settlement class will lack the opportunity, present when a case is litigated, to adjust the class,

9   informed by the proceedings as they unfold." *Id*. The proposed class here meets the requirements

10  of Rule 23(a) and 23(b)(3) for settlement purposes.

11              i.      The proposed Class is sufficiently numerous.

12      While there is no fixed point where the numerosity requirement is met, Courts find

13  numerosity where there are so many class members as to make joinder impracticable. *See* Fed. R.

14  Civ. P. 23(a)(1). "Where the exact size of the class is unknown but general knowledge and common

15  sense indicate that it is large, the numerosity requirement is satisfied." *Orantes-Hernandez v. Smith*,

16  541 F. Supp. 351, 370 (C.D. Cal. 1982). Generally, Courts will find numerosity is satisfied where

17  a class includes at least 40 members. *Holly v. Alta Newport Hospital,* Case No.2:19cv07496, 2020

18  WL 1853308, at *7 (April 10, 2020) (citing *Rannis v. Recchia,* 380 F. App'x 646, 651 (9th Cir.

19  2010)). Numbering approximately 5,481 individuals, the proposed settlement class easily satisfies

20  Rule 23's numerosity requirement. Joinder of the 5,481 individuals is clearly impracticable—thus

21  the numerosity prong is satisfied.

22              ii.     Questions of law and fact are common to the Class.

23      The commonality requirement is satisfied because there are many questions of law and fact

24  common to the Settlement Class that center on Amerigroup's common practice of using an

25  automated dialing system to call Class Members. *See* Fed. R. Civ. P. 23(a)(2). Courts in the Ninth

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –        - 11 -
CASE NO. 3:19-CV-05165-JLR
2055374.1

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1    Circuit likewise relied upon almost identical common questions to find that commonality was

2    satisfied in similar cases in which consumers alleged violations of the TCPA. *See, e.g.*, *Meyer v.*

3    *Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041–42 (9th Cir. 2012) (upholding finding of

4    commonality in TCPA action); *Malta v. Fed. Home Loan Mortg. Corp.*, No. 10-CV-1290 BEN

5    NLS, 2013 WL 444619, at *2 (S.D. Cal. Feb. 5, 2013) (finding common questions of fact "in that

6    the calls were made by Wells Fargo to class members . . . using auto-dialing equipment or with a

7    prerecorded voice message" and common questions of law "including: (1) whether Wells Fargo

8    negligently violated the TCPA; (2) whether Wells Fargo willfully or knowingly violated the TCPA;

9    and (3) whether Wells Fargo had "prior express consent" for the calls."). Such common questions

10   are central to this case as well, and can be addressed on a class-wide basis. Thus, Plaintiff has met

11   the commonality requirement of Rule 23.

12                        iii.      <u>Plaintiff's claims and defenses are typical to those of the Settlement Class.</u>

13          Plaintiff satisfies the typicality requirement of Rule 23 because Plaintiff's TCPA claims,

14   which are based on Defendants' systematic use of automated calls to Plaintiff and all members of

15   the Class, are "reasonably coextensive with those of the absent class members." *See* Fed. R. Civ. P.

16   23(a)(3); *Meyer v Portfolio Recovery Assocs.*, 707 F.3d 943, 1041–42 (9th Cir. 2012) (upholding

17   typicality finding); *Malta*, 2013 WL 444619, at *3 (finding typicality where TCPA claims stemmed

18   from the same course of conduct and were based on the same legal theory).

19                        iv.      <u>Plaintiff will adequately protect the interests of the Class.</u>

20          The adequacy requirement of Rule 23 is satisfied where (1) there are no antagonistic or

21   conflicting interests between named plaintiffs and their counsel and the absent class members; and

22   (2) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class.

23   Fed. R. Civ. P. 23(a)(4); *see also Meyer*, 707 F.3d at 1041–42 (9th Cir. 2012) (upholding typicality

24   finding); *Malta*, 2013 WL 444619, at *3 (same).

25          Here, Plaintiff is a member of the Class who has experienced the same injuries and seeks,

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR

- 12 -

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

2055374.1

1    like other Class Members, compensation for Amerigroup's violation of the TCPA. As such, her

2    interests and the interests of her counsel are not inconsistent with those of other Class Members.

3        Further, counsel for Plaintiff have decades of combined experience as vigorous class action

4    litigators and are well suited to advocate on behalf of the Class. *See* Klinger Decl. ¶¶ 5–11, Ex. B;

5    Decl. of Daniel M. Hutchinson ¶ 6 ("Huchinson Decl."), attached hereto. Thus, Plaintiff satisfies

6    the requirement of adequacy.

7                    v.    Common issues predominate over individualized ones.

8        The predominance requirement "tests whether proposed classes are sufficiently cohesive to

9    warrant adjudication by representation." *Amchem*, 521 U.S. at 623 (citing Wright, et al., *Fed. Prac.*

10   *and Proc.* § 1777, p. 518–19 (2d ed. 1986)). "If common questions 'present a significant aspect of

11   the case and they can be resolved for all members of the class in a single adjudication,' then 'there

12   is clear justification for handling the dispute on a representative rather than on an individual basis,'

13   and the predominance test is satisfied." *See Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 526

14   (C.D. Cal. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). To satisfy

15   this requirement, "common issues need only predominate, not outnumber individual issues." *Butler*

16   *v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (quotations omitted). Moreover, "[c]lass

17   certification is normal in litigation under [the TCPA]." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d

18   682, 684 (7th Cir. 2013). This case is no different.

19       Here, the central legal issue is whether Amerigroup could be held liable for the calls that

20   were alleged to have violated the TCPA as a result of calling class members who did not provide

21   their phone numbers to Defendant. This is sufficient to satisfy the predominance requirement for

22   purposes of settlement. *See* Fed. R. Civ. P. 23(b)(3); *Malta*, 2013 WL 444619, at *4.

23       Because the claims are being certified for purposes of settlement, there are no issues with

24   manageability, and resolution of thousands of claims in one action is far superior to individual

25   lawsuits and promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3);

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR

2055374.1

- 13 -

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1    *Malta*, 2013 WL 444619, at \*3 (superiority met where "considerations of judicial economy favor

2    litigating a predominant common issue once in a class action instead of many times in separate

3    lawsuits" and the "small individual claims of class members" made it "unlikely that individual

4    actions will be filed"). For these reasons, certification of the Settlement Class for purposes of

5    settlement is appropriate.

6              vi.    <u>A class action is superior to other methods for the fair and efficient adjudication</u>

7                     <u>of the claims of Plaintiff and the class.</u>

8              Rule 23(b)(3) also requires that a district court determine that "a class action is superior to

9    other available methods for the fair and efficient adjudication of the controversy." In determining

10   whether the "superiority" requirement is satisfied, a court may consider: (1) the interest of members

11   of the class in individually controlling the prosecution or defense of separate actions; (2) the extent

12   and nature of any litigation concerning the controversy already commenced by or against members

13   of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the

14   particular forum; and (4) the difficulties likely to be encountered in the management of a class

15   action. Fed. R. Civ. P. 23(b)(3).

16             Because Plaintiff seeks to certify a class in the context of a settlement, this Court need not

17   consider any possible management-related problems as it otherwise would. *See Amchem Prods.*,

18   521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court

19   need not inquire whether the case, if tried, would present intractable management problems, see

20   Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial.").

21             In any event, no one member of the class has an interest in controlling the prosecution of

22   this action because Plaintiff's claims and the claims of the members of the class are the same.

23   Alternatives to a class action are either no recourse for thousands of individuals, or a multiplicity

24   of suits resulting in an inefficient and possibly disparate administration of justice. A class action is

25   therefore superior to other methods for the fair and efficient adjudication of the claims of Plaintiff

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR
2055374.1

- 14 -

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

and the Class. *See Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 690 (S.D. Fla. 2013) ("In addition, the Court finds that the large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that [a] class action would be the superior method of adjudicating the plaintiffs' claims under the . . . TCPA.").

### b.   The Settlement Terms are Fair, Adequate, and Reasonable.

"In evaluating a proposed settlement at the preliminary approval stage, some district courts . . . have stated that the relevant inquiry is whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" *Bykov v. DC Trans. Servs., Inc.*, No. 2:18-cv-1692 DB, 2019 WL 1430984, at *2 (E.D. Cal. Mar. 29, 2019). That is, "preliminary approval of a settlement has both a procedural and a substantive component." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).

As to the procedural component, "a presumption of fairness applies when settlements are negotiated at arm's length, because of the decreased chance of collusion between the negotiating parties." *Gribble v. Cool Transps. Inc.*, No. CV 06-4863 GAF (SHx), 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008). Likewise, "participation in mediation tends to support the conclusion that the settlement process was not collusive." *Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.*, 303 F.R.D. 337, 350 (E.D. Cal. 2014).

With respect to the substantive component, "[a]t this preliminary approval stage, the court need only 'determine whether the proposed settlement is within the range of possible approval.'" *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 479 (E.D. Cal. 2010) (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982)).

In sum, "the purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a fairness

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-cv-05165-JLR
2055374.1

- 15 -

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1   hearing." *Lucas v. Kmart Corp*., 234 F.R.D. 688, 693 (D. Colo. 2006). In any event, while a

2   complete fairness evaluation is unnecessary at this early juncture, Mr. Dennis and his counsel

3   strongly believe that the resolution reached here is in the Settlement Class's best interests.

4          To that end, the Ninth Circuit has identified eight factors to consider in analyzing the

5   fairness, reasonableness, and adequacy of a class settlement: (1) the strength of the plaintiff's case;

6   (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining

7   class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of

8   discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of

9   a governmental participant; and (8) the reaction of the class members to the proposed settlement.

10  *Hanlon,* 150 F.3d at 1026; *accord Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035 (9th Cir. 2019)

11  (holding that "settlement approval requires a higher standard of fairness and a more probing inquiry

12  than may normally be required under Rule 23(e)" if "the parties negotiate a settlement agreement

13  before the class has been certified")(internal citations and quotation marks omitted). As well, Rule

14  23(e) requires a court to consider several additional factors, including that the class representative

15  and class counsel have adequately represented the class, and that the settlement treats class members

16  equitably relative to one another. Fed. R. Civ. P. 23(e).

17         In applying these factors, this Court should be guided foremost by the general principle that

18  settlements of class actions are favored by federal courts. *See Franklin v. Kaypro Corp*., 884 F.2d

19  1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public

20  interest in settling and quieting litigation. This is particularly true in class action suits."). Here, the

21  relevant factors support the conclusion that the negotiated settlement is fundamentally fair,

22  reasonable, and adequate, and should be preliminarily approved.

23

24

25

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR

- 16 -

2055374.1

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

2

3

      i.     The strengths of Plaintiff's case, risks inherent in continued litigation against Amerigroup, and the difficulty in winning and maintaining class action certification favor preliminary approval.

4

5

6

7

8

      The first, second, and third *Hanlon* factors support preliminary approval. Of course, every class action involves some level of uncertainty, both on the merits and on the appropriateness of certification. This case is no different, as there is no guarantee that Plaintiff would be able to obtain and maintain certification of the class through trial, or that this Court, or the trier of fact, would find in his favor as to liability.

9

10

11

12

13

      Plaintiff and proposed Settlement Class Counsel strongly believe in the strength of Plaintiff's claims, and note that the TCPA allows a plaintiff to bring "an action to recover for actual monetary loss from [a violation of the TCPA], or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). Damages are trebled where a plaintiff can show the violation as knowing or willful. 47 U.S.C. § 227(b)(3)(C).

14

15

16

17

18

      However, Amerigroup vigorously denies its liability. In fact, Amerigroup has already raised a host of defenses, both on the merits and to the maintenance of class certification including: Amerigroup's reasonable reliance on phone numbers that were reassigned without their knowledge, that Plaintiff provided the requisite consent, and that Plaintiff's alleged class could not be certified. Klinger Decl. ¶ 35.

19

20

21

22

23

24

      In addition to the defenses Amerigroup has already raised pertaining to the merits of the claims and certification, it will surely fight any motion for certification filed by Plaintiff. Inability to obtain certification or pretrial decertification would lead to class members being unable to recover anything at all. And at least one court in the Ninth Circuit has denied class certification in a "wrong number" TCPA case based on facts unique to that case. *See Revitch v. Citibank, N.A.*, No. C 17-06907 WHA, 2019 WL 1903247, at *1 (N.D. Cal. Apr. 28, 2019).

25

26

      Moreover, Plaintiff and proposed Settlement Class Counsel faced external risks emanating

Unopposed Motion for Preliminary
Approval of Class Action Settlement –
Case No. 3:19-cv-05165-JLR
2055374.1

- 17 -

**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Phone.: (202) 429-2290

1   from the ever-changing legal landscape of the TCPA. The risk was real, as opposed to hypothetical.

2   This is, in part, because during the pendency of this case—and around the time the Parties agreed

3   to mediate this matter—the Supreme Court, in *Barr v. Am. Ass'n of Political Consultants, Inc.*, was

4   considering the constitutionality of the TCPA as a whole. No. 19-631, 2020 WL 3633780 (U.S.

5   July 6, 2020). And if the Court would have found the TCPA to be unconstitutional, Plaintiff's and

6   class members' claims would have suddenly ceased to exist—extinguishing any hope of a

7   recovery.[3] Similarly, the U.S. Supreme Court has recently granted certiorari in *Facebook, Inc. v.*

8   *Duguid*, to resolve the Circuit split regarding the meaning of an ATDS under the TCPA. No. 19-

9   511, 2020 WL 3865252, at *1 (U.S. July 9, 2020). The Supreme Court's decision will likely come

10  in the first half of 2021. A decision adverse to Plaintiff in *Facebook* could potentially impact at

11  least some of the claims asserted here.

12          Plaintiff disputes every one of Defendant's defenses. But it is obvious that the likelihood of

13  success at trial is far from certain. "Given Counsel's recommendation that settlement is wise in light

14  of the risk of losing on the merits, this factor weighs in favor of preliminary approval." *Rinky Dink,*

15  *Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 4052588, at *5 (W.D. Wash. Feb.

16  3, 2016) (granting preliminary approval to TCPA class settlement). Here, there can be little question

17  that Plaintiff faces real risk in prevailing on her claims and maintaining certification through trial.

18  The Settlement Fund of $100 per class member—at least $548,100—provides a guaranteed and

19  valuable benefit to each class member that they would risk losing should the Parties proceed through

20  litigation.

21

22

---

23  [3] Ultimately, the Court did not find the TCPA unconstitutional, but instead severed a portion of the

24  statute not at issue here. In other words, the Court "conclude[d] that the entire 1991 robocall
    restriction should not be invalidated, but rather that the 2015 government-debt exception must be

25  invalidated and severed from the remainder of the statute." *Id.* at *2 (Kavanaugh, J.). Stated yet
    another way, the Court "sever[ed] the 2015 government-debt exception and le[ft] in place the

26  longstanding robocall restriction." *Id.* at *13.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR

- 18 -

2055374.1

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1          ii.      The immediate, meaningful cash relief afforded by the Settlement favors
2                   preliminary approval.

3          The Settlement Agreement provides significant guaranteed relief to Settlement Class
4   Members, particularly in light of the uncertainty of prevailing at certification or on the merits as
5   discussed above. For this reason, the fourth *Hanlon* factor favors the Court's preliminary approval
6   of the Settlement.

7          Despite the obstacles Plaintiff faced, he and proposed Settlement Class Counsel, with the
8   assistance of a highly respected mediator, negotiated an agreement that sees the creation of a
9   significant non-reversionary Settlement Fund consisting of $100 per Settlement Class Member—at
10  least $548,100. This Settlement exceeds many analogous TCPA class action settlements.

11         In comparison, in *Picchi v. World Fin. Network Bank*, No. 11-CV-61797-CIV-
12  Altonaga/O'Sullivan (S.D. Fla. Jan. 30, 2015), the court granted final approval in a similar wrong-
13  number TCPA class action for $2.63 per person (settling claims of 3 million class members for $7.9
14  million)—a small fraction of the amount Settlement Class Members will receive here. *See also*
15  *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090, at *2 (M.D.
16  Fla. Apr. 2, 2019) (preliminary approval of wrong-number TCPA settlement amounting to $1.269
17  million, or approximately $7 per class member); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-
18  cv-2424-T-23JSS, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016) (preliminary approval of
19  wrong-number TCPA settlement for $5.55 per person); *Johnson v. Navient Sols., Inc., f/k/a Sallie*
20  *Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind.) (approximately $46 per class member).

21         Indeed, the settlement provides immediate cash relief to the Settlement Class. Unlike in
22  many actions, the Settlement Fund will not be reduced by Settlement Costs such as attorneys' fees
23  and costs to Class Counsel, an incentive award to Plaintiff, costs of printing and providing notice
24  to Settlement Class Members, costs of administering the Settlement, and the fees, expenses, and all
25  other costs of the Settlement Administrator. Klinger Decl. ¶ 57. Here, such Settlement Costs will

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR
2055374.1                                            - 19 -

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1    be covered by Defendant separate and apart from the Settlement Fund. *Id.* Accordingly, and given

2    the typical claims rates in TCPA cases, counsel estimate that each class member who makes a claim

3    will recover $100. Klinger Decl. ¶ 58. This amount is certainly on the high end of TCPA

4    settlements. *See James*, 2016 WL 6908118, at *2 ("Discounting the statutory award by the

5    probability that Chase successfully defends some class members' claims, a recovery of $50 per

6    person fairly resolves this action.") (citing *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F.

7    Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per person falls "within the range of

8    recoveries" in a TCPA class action)).

9          Per-claimant recoveries in other TCPA class actions often fall within a lower range. *See,*

10   *e.g.*, *Rose v. Bank of Am. Corp.*, Nos. 11 C 2390 & 12 C 4009, 2014 WL 4273358 (N.D. Cal. Aug.

11   29, 2014) (approving TCPA class settlement where claimants received between $20 and $40 each);

12   *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118 JSW, 2014 WL 1309352 (N.D. Cal. Mar. 31,

13   2014) (less than $50 per TCPA claimant); *Arthur v. Sallie Mae, Inc.,* No. 10–CV198–JLR, 2012

14   WL 4075238 (W.D. Wash. Sept. 17, 2012) ($20-$40 per participating class member); *Adams v.*

15   *Allianceone Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, ECF No. 113 (S.D. Cal. Apr.

16   23, 2012) (approximately $1.48 per class member).[4]

17         In sum, the settlement here is extraordinary in terms of projected class member recovery,

18   ─────────────────────

19   [4] *See also Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 227–28 (N.D. Ill. 2016) ($34 million
     for more than 32 million class members); *Wilkins v. HSBC Bank Nev., N.A.*, No. 14-190, 2015 WL

20   890566, at *3 (N.D. Ill. Feb. 27, 2015) ($39.98 million for more than 9,065,262 class members);
     *Connor v. JPMorgan Chase Bank*, No. 10 CV1284, ECF No. 113 (S.D. Cal. May 30, 2014) ($11.66

21   million for 2,684,518 class members); *Spillman v. RPM Pizza, LLC*, No. 10-349, 2013 WL
     2286076, at *4 (M.D. La. May 23, 2013) (approving settlement that provides up to $15 cash

22   payment for TCPA violation); *In re Jiffy Lube Int'l, Inc.*, No. 11-02261, ECF No. 97 (S.D. Cal.)
     (class members entitled to vouchers for services valued at $17.29 or a cash payment of $12.97);

23   *Garret v. Sharps Compliance, Inc.*, No. 1:10-cv-04030, ECF No. 74 (N.D. Ill.) ($28.13 recovery
     per claimant); *Agne v. Papa John's Int'l*, No. 2:10-cv-01139, ECF No. 389 (W.D. Wash.) ($50

24   recovery plus $13 merchandise per claimant); *Clark v. Payless ShoeSource, Inc.*, No. 2:09-cv-
     00915, ECF Nos. 61 at 3, 72 (W.D. Wash.) ($10 merchandise certificate per claimant); *Cubbage v.*

25   *The Talbots, Inc.*, No. 2:09-cv-00911, ECF No. 114 (W.D. Wash.) ($40 or $80 merchandise
     certificate per claimant).

26

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1    and certainly constitutes an objectively fair result for the Settlement Class. *See Markos v. Wells*

2    *Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017)

3    (finding that the cash recovery of $24 per claimant in a TCPA class action—far less than the

4    expected recovery here—is "an excellent result when compared to the issues Plaintiffs would face

5    if they had to litigate the matter").

6              iii.    The posture of this case and experience of counsel favor preliminary approval.

7              Next, the fifth and sixth *Hanlon* factors likewise support preliminary approval. After over

8    nearly a year and one-half of contested litigation—which included written discovery and significant

9    motion practice—the settlement here was achieved with a clear view as to the strengths and

10   weaknesses of Plaintiff's claims.

11             Thus, both proposed Settlement Class Counsel—who have substantial experience in

12   litigating class actions, particularly under consumer protection statutes—and this Court are

13   adequately informed to evaluate the fairness of the settlement. Moreover, both Plaintiff and

14   proposed Settlement Class Counsel firmly believe that the settlement is fair, reasonable, and

15   adequate, and in the best interests of the Settlement Class. Klinger Decl. ¶ 4; *see Nat'l Rural*

16   *Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight is

17   accorded to the recommendation of counsel, who are most closely acquainted with the facts of the

18   underlying litigation. This is because parties represented by competent counsel are better positioned

19   than courts to produce a settlement that fairly reflects each party's expected outcome in the

20   litigation.").

21             Further, the parties' arm's-length settlement negotiations through experienced counsel, and

22   after attending mediation with Judge Schenkier (Ret.), demonstrate the fairness of the settlement,

23   and that the settlement is not a product of collusion. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d

24   948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-

25   collusive, negotiated resolution."); *Bykov*, 2019 WL 1430984, at *5–*6 ("participation in mediation

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR
2055374.1                                                    - 21 -

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1  tends to support the conclusion that the settlement process was not collusive"). [5] As a result, Plaintiff

2  and his counsel submit that the value of the recovery here—approximately $541,800 for a class of

3  approximately 5,481 people—reflects their confidence in Plaintiff's claims. *See Schuchardt v. Law*

4  *Office of Rory W. Clark*, 314 F.R.D. 673, 685 (N.D. Cal. 2016) ("Given Class Counsel's extensive

5  experience in this field, and their assertion that the settlement is fair, adequate, and reasonable, this

6  factor supports final approval of the Settlement Agreement.").

7               iv.    The Settlement treats Settlement Class Members equitably.

8         Finally, Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all class

9  members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that courts should

10  consider "whether the apportionment of relief among class members takes appropriate account of

11  differences among their claims, and whether the scope of the release may affect class members in

12  different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e) , advisory comm.'s

13  note (2018).

14         Here, each Settlement Class Member will be treated equitably as each participating

15  Settlement Class Member will receive an equal portion of the Settlement Fund. The release too, is

16  identical across all Settlement Class Members. As such, this factor supports preliminary approval.

17         **c.    This Court Should Approve the Parties' Proposed Notice Plan.**

18         Pursuant to Rule 23(e), upon preliminary approval, this Court must "direct notice in a

19  reasonable manner to all class members who would be bound" by the proposed settlement. Such

20  notice must be the "best notice practicable," *see* Fed. R. Civ. P. 23(c)(2)(B), which means

21  "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle*

22  *& Jacquelin*, 417 U.S. 156, 173 (1974).

---

23  [5] Indeed, settlement negotiations continued weeks after the all-day mediation session concluded.

24  The Settlement resulted in a non-reversionary common fund with fees to be paid separately and in
proportion to the settlement as well as a proposed incentive award that is commensurate with the

25  hard work put into the case by the proposed Class Representative. *Cf. Roes*, 944 F.3d at 1050. At
the appropriate time, Plaintiff will submit a separate petition in support of his request for attorneys'

26  fees, costs and an incentive award.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR

2055374.1

- 22 -

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1    Here, the parties have agreed to a robust notice program to be administered by a well-

2    respected third-party class administrator—Kurtzman Carson Consultants LLC ("KCC")—which

3    will use all reasonable efforts to provide direct mail notice to each potential Settlement Class

4    Member.[6] *See* Klinger Decl. ¶¶ 63–67.

5    After preliminary approval of the Settlement is granted, the Settlement Administrator will

6    conduct research to identify the owners of cell phones contained on the Class List provided by

7    Amerigroup. *Id.* at ¶ 66. The Settlement Administrator will then compare results of such research

8    to the names and addresses associated with these numbers as contained in Defendant's records to

9    determine the best address to use for the postcard mailing. *Id.* Where postcards are returned as

10   undeliverable, the Settlement Administrator will perform data searches of the U.S. Postal Services

11   National Change of Address database and/or any other reasonably available databases, and shall

12   perform at least one re-mailing to the most current address information obtained. *Id.* at ¶ 67.

13   Separately, the Settlement Administrator will establish and maintain a Settlement Website

14   at which Settlement Class Members can access information and documents pertaining to the

15   Settlement. *Id.* at ¶ 69.

16   Thus, the parties have strived to make it as convenient as possible for Settlement Class

17   Members to learn of and participate in the settlement. *See Williams*, 2019 WL 1450090, at *5

18   (approving similar notice plan in wrong number TCPA class action); *James*, 2016 WL 6908118, at

19   *2 (same).

20   The plan complies with Rule 23 and due process because, among other things, it informs

21   Settlement Class Members directly of: (1) the nature of this action; (2) the essential terms of the

22   settlement, including the class definition and claims asserted; (3) the binding effect of a judgment

23   if the Settlement Class Member does not request exclusion; (4) the process for objection or

24   exclusion, including the time and method for objecting or requesting exclusion, and that Settlement

25

26   ---
     [6] The Parties have no concerns that class members may be difficult to reach by mail and there is no
     indication the class members are "transient" by nature. *Cf. Roes*, 944 F.3d at 1046.

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1   Class Members may make an appearance through counsel; (5) information regarding Plaintiff's

2   incentive award and her request for an award of attorneys' fees and expenses for her counsel; (6)

3   the procedure for submitting claims to receive settlement benefits; and (7) how to make inquiries,

4   and where to find additional information. Fed. R. Civ. P. 23(c)(2)(B); *Manual for Complex*

5   *Litigation (Fourth)* § 21.312.

6        In short, because this notice plan ensures that Settlement Class Members' due process rights

7   are amply protected, this Court should approve it. *See Hartranft v. TVI, Inc.*, No. 15-01081-CJC-

8   DFM, 2019 WL 1746137, at *3 (C.D. Cal. Apr. 18, 2019) ("The Court finds that the Class Notice

9   and the manner of its dissemination described in Paragraph 7 above and Section VIII of the

10  Agreement constitutes the best practicable notice under the circumstances and is reasonably

11  calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of

12  this action, the terms of the Agreement, and their right to object to or exclude themselves from the

13  Settlement Class."); *Spencer v. #1 A LifeSafer of Ariz., LLC*, No. CV-18-02225-PHX-BSB, 2019

14  WL 1034451, at *3 (D. Ariz. Mar. 4, 2019) (Bade, J.) (preliminarily approving class action

15  settlement and finding "that the proposed notice program is clearly designed to advise the Class

16  Members of their rights.").

17  **VI.    CONCLUSION**

18       Plaintiff has negotiated a fair, adequate, and reasonable settlement that will provide Class

19  Members with significant monetary relief. For all the above reasons, Plaintiff respectfully requests

20  this Court grant Plaintiff's Unopposed Motion for Preliminary Approval of Class Action

21  Settlement.

22

23

24

25

26

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1  Dated: November 3, 2020              */s/ Gary M. Klinger*

2                                       Gary M. Klinger (*admitted pro hac vice*)
                                        **MASON LIETZ & KLINGER LLP**
3                                       227 W. Monroe St., Ste. 2100
                                        Chicago, Illinois 60606
4                                       Tel.: (202) 975-0477
                                        Fax: (202) 429-2294
5                                       gklinger@masonllp.com

6                                       Daniel M. Hutchinson (*admitted pro hac vice*)
7                                       Evan J. Ballan (*admitted pro hac vice*)
                                        **LIEFF CABRASER HEIMANN &**
8                                       **BERNSTEIN, LLP**
                                        275 Battery Street, 29th Floor
9                                       San Francisco, California 94111-3339
                                        Tel.: (415) 956-1000
10

11                                      Michael C. Subit, WSBA #29189
                                        **FRANK FREED SUBIT & THOMAS LLP**
12                                      705 Second Avenue, Suite 1200
                                        Seattle, Washington 98104
13                                      Tel.: (206) 682-6711
                                        Fax: (206) 682-0401
14                                      msubit@frankfreed.com

15                                      *Counsel for Plaintiff and the Class*

16

17

18

19

20

21

22

23

24

25

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT –
CASE NO. 3:19-CV-05165-JLR                - 25 -

2055374.1

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290