THE HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID DENNIS, individually and on behalf of all others similarly situated, | Case No. 3:19-cv-05165-JLR |
| Plaintiff, | **ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT** |
| v. | |
| AMERIGROUP WASHINGTON, INC., a Washington corporation, | |
| Defendant. | |

## PRELIMINARY APPROVAL ORDER

The Plaintiff has moved for preliminary approval of a proposed class settlement which would resolve the Plaintiff's class-action claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** preliminary approval of the Settlement, finding specifically as follows.[1]

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

## I. Jurisdiction

1. The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

## II. Class Representative and Class Counsel

2. The Court preliminarily appoints Plaintiff David Dennis as Class Representative.

3. Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

Daniel M. Hutchinson
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000

Gary M. Klinger
MASON LIETZ & KLINGER, LLP
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (202) 975-0477

## III. Rule 23 Requirements

4. The Court preliminarily finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members

5. The Court further preliminarily finds that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that (A) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement

Class Members; and (B) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### IV. Preliminary Approval of the Settlement

6. Pursuant to the Settlement Agreement, the Defendant has agreed to pay a Settlement Fund consisting of $100 for each wrong number code in Defendant's and/or its vendors' records, for a total of at least $541,800 (Five Hundred Forty-one Thousand Eight Hundred Dollars), and Settlement Costs consisting of (i) an award of attorneys' fees and costs to Class Counsel; (ii) an incentive award to Plaintiff; and all costs of the Settlement Administrator. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund.

7. Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

### V. Notice and Administration

8. The Court appoints KCC to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

9. The Court has carefully considered the notice program set forth in the Settlement Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process.

10. The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before **December 4, 2020.** Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

11. All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

### VI. Claims and Exclusions

12. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

13. A member of the Settlement Class wishing to file a claim or to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and must be received no later than **February 11, 2021** by the Settlement Administrator at the address specified in the Notice.

14. Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendant or any of the other Released Parties.

15. All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant or any of the other Released Parties.

16. The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

### VII. Objections

17. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative must submit to the Settlement Administrator a written objection. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative only if, on or before **February 11, 2021** such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

18. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

19. Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

### VIII. Application for an Award of Attorneys' Fees, Costs and an Incentive Award.

20. Any application for a compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses must be filed on or before **December 14, 2020**.

### IX. Final Approval Hearing

21. A Final Approval Hearing is will be held before the Court on **March 23, 2021** for the following purposes:

(a) to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e) to consider the application for an compensation award to the Class Representative;

(f) to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

22. On or before twenty-one (21) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval.

23. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following,

the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

24.   For clarity, the deadlines the Parties shall adhere to are as follows:

| | |
|---|---|
| **Class Notice completed by:** | **December 4, 2020** |
| **Incentive Award and Fee Application:** | **December 14, 2020** |
| **Objection/Exclusion Deadline:** | **February 11, 2021** |
| **Claim Deadline:** | **February 11, 2021** |
| **Final Approval Submissions:** | **March 2, 2021** |
| **Final Approval Hearing:** | **March 23, 2021 at 9:00 AM** |

25.   Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

### X.   Further Matters

26.   All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

27.   In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the

termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

28. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

United States District Court IT IS SO ORDERED.

Dated this 13th day of November, 2020.

*[signature]*

The Honorable James L. Robart
U.S District Court Judge