THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID DENNIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERIGROUP WASHINGTON, INC., a Washington corporation,<br><br>Defendant. | Case No. 3:19-cv-05165-JLR<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD TO THE PLAINTIFF**<br><br>**Noting Date: March 23, 2021** |

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JLR

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

## I. INTRODUCTION

Plaintiffs respectfully submit this Motion for Attorneys' Fees and Costs, and Service Award to the Plaintiff. Class Counsel's efforts created a $541,800 non-reversionary cash common fund, to be paid out to Class Members as cash payments. Separate from, and in addition to those payments from the common fund, Defendant Amerigroup Washington, Inc. has agreed to pay Class Counsel's attorneys' fees and costs. Class Counsel respectfully move the Court for an award of attorneys' fees of $200,000 and costs totaling $13,490.76. Class Counsel also request a $10,000 Service Award to the Named Plaintiff David Dennis for his efforts on behalf of the Class, also paid by Amerigroup separately from the fund.

Class Counsel submit that the requested fees and costs are fair, reasonable, and appropriate under applicable law. *See Fischel v. Equitable Life Assur. Soc'y of the United States*, 307 F.3d 997, 1007 (9th Cir 2002) ("There is a strong presumption that the lodestar figure represents a reasonable fee. Thus, although a court can adjust the lodestar upward or downward based on certain factors, adjustments are the exception rather than the rule.") (internal quotations and citations omitted). If granted, the fee would represent approximately 67% of Class Counsel's total lodestar figure, meaning that Class Counsel's request is *less than* the reasonable value of their time litigating this contingent class case. The requested fee is well-justified in light of the results obtained for the Class. In addition to the $541,800 common fund, Class Counsel obtained prospective practice changes designed to prevent Amerigroup from placing autodialed calls to wrong or reassigned numbers. Given the challenges and risks Class Counsel assumed in pursuing this matter on a purely contingent basis, the time and resources that Class Counsel expended prior to reaching a Settlement, and the market rate for similar class action settlements, a fee award of $200,000 and reimbursement for $13,490.76 in reasonable out-of-pocket costs while prosecuting this matter is appropriate.

For many of the same reasons, an award of $10,000 to Mr. Dennis in recognition of the service he provided to the Class is appropriate. Class Counsel respectfully request that the Court

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR

-2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

grant their fee and cost request in full, and approve the service award.[1]

## II. THE SETTLEMENT ACHIEVED

### 1. The Common Settlement Fund Achieved for the Class.

The Settlement provides that Amerigroup will pay $541,800 into a Settlement Fund for approximately 5,481 Settlement Class Members. Dkt. 93-1, Ex. A ("Agreement") ¶ 1.38. Class Members will receive a cash payment upon submission of a valid and timely claim form. *Id.* ¶ 4.2. Class Members will receive an initial payment in the amount of $100 and may receive an additional payment if money remains in the fund after the initial distribution. *Id.* ¶¶ 3.4, 4.5.[2]

### 2. The Prospective Changes Benefit the Class.

The Settlement also provides core practice change relief, which is just as valuable to Class Members as monetary relief—if not more so. The alleged conduct driving this litigation is Amerigroup's autodialed and prerecorded calls to wrong or reassigned cellular telephone numbers. The Settlement includes practice changes designed to prevent Amerigroup from placing further autodialed calls to wrong or reassigned numbers. Agreement ¶ 3.1. Specifically, the Settlement requires Amerigroup to (a) enroll in and use a reassigned number database; (b) create and implement an internal wrong number database; and (c) provide training about these databases to Amerigroup employees and agents involved in any aspect of its calling programs. While Class Counsel have not attempted to monetize the value of these practice changes, this relief was a key goal of Class Members and will prevent them from being subjected to the unwanted autodialed calls that are the entire basis for this litigation.

### 3. The Attorneys' Fee Negotiation.

The Settlement achieved by Class Counsel provides exceptional monetary relief and practices changes, and is not contingent on Court approval of any award of attorneys' fees or costs. Rather, Class Counsel prioritized the Class's interests by first securing an exceptional

---

[1] Consistent with *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010), and best practices in this District, Class Counsel posted their full fee application on the settlement website.

[2] Class Counsel will provide information about the final claim numbers at final approval and/or in reply.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR

-3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1  common fund for the Class, before turning to attorneys' fees and costs. *See* Hutchinson Decl.
2  ¶¶ 42-44. After failing to agree on a fee amount at mediation, the Parties then engaged in
3  adversarial arbitration before a neutral arbitrator.  Following that process, the arbitrator
4  recommended a fee award of $200,000. *Id.*

5  **III.    ARGUMENT**

6  In deciding whether the requested fee amount is appropriate, the Court's role is to
7  determine whether such amount is "fundamentally fair, adequate, and reasonable." *Staton v.*
8  *Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)); *In re Wash. Pub.*
9  *Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1294-95 n.2 (9th Cir. 1994) (overriding principle is
10 that the fee award be "reasonable under the circumstances").

11            **A.     Application of the Lodestar Method Is Warranted**

12 In the context of class action settlements, courts have discretion to choose either the
13 "lodestar/multiplier" method or the "percentage of the fund" method to determine a reasonable
14 attorneys' fee. *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir.1998). As this Court has
15 explained, "the lodestar method is appropriate" to use where, as here, "attorneys' fees will be paid
16 separately by [defendant] without reducing relief available to the class." *Grays Harbor Adventist*
17 *Christian Sch. v. Carrier Corp.*, 05-05437 RBL, 2008 WL 1901988, at *1 (W.D. Wash. Apr. 24,
18 2008); *see also* Agreement ¶ 13.1.

19 "Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by
20 multiplying the reasonable hours expended by a reasonable hourly rate." *Id.* This lodestar figure
21 is "presumptively reasonable." *Barovic v. Ballmer*, 2:14-CV-00586-JCC, 2016 WL 199674, at *4
22 (W.D. Wash. Jan. 13, 2016) (citing *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th
23 Cir.1988)). However, "[t]he court may then enhance the lodestar with a 'multiplier,' if necessary,
24 to arrive at a reasonable fee." *Id.*; *see also In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d
25 1291, 1295 n.2 (9th Cir. 1994) (citations omitted). The Ninth Circuit has enumerated factors to be
26 considered in determining the appropriateness of a fee using the lodestar method. *Kerr v. Screen*

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR

-4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1 *Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975); *see also Hanlon*, 150 F.3d at 1029. In approving a fee request under the lodestar method, this Court considers some or all of the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the requisite legal skill necessary; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount at controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Grays Harbor Adventist Christian Sch.*, 2008 WL 1901988, at *1.

Because the Settlement Agreement provides that Amerigroup will pay Class Counsel's fees separately without reducing relief to the Class, Agreement ¶ 13.1, the lodestar approach is the appropriate method to evaluate Class Counsel's fee request. In light of the factors a court must consider under the lodestar method and Class Counsel's "presumptively reasonable" lodestar figure, the requested award of attorneys' fees and expenses is appropriate.

### B. Class Counsel's Fee Request Is Reasonable.

Class Counsel's request for $200,000 in attorneys' fees is reasonable in this case. Indeed, although the lodestar figure is "presumptively reasonable," *Barovic,* 2:14-CV-00586-JCC, 2016 WL 199674, at *4, and a lodestar multiplier is often appropriate, *see id.*, Class Counsel's request in this case is *less than* their lodestar amount—some 32% less. This fact, along with the other relevant factors for consideration, support approving Class Counsel's request.

#### 1. The Time and Labor Required

This case was filed on March 5, 2019. Dkt. 1. Over the course of the approximate 21 months this case has been pending, Class Counsel collectively devoted 529.45 hours to the investigation, litigation, and resolution of this complex case, thereby incurring approximately $300,625.50 in lodestar. *See* Declaration of Daniel M. Hutchinson ¶¶ 56-64, 67-69; Declaration of Gary M. Klinger ¶¶ 29-31. Class Counsel's time was spent vigorously litigating the case, including (1) investigating the claims of the named Plaintiff and Settlement Class Members, (2)

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR
-5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

conducting written and oral discovery, including traveling for deposition; (3) researching and analyzing legal issues, (4) engaging in settlement negotiations, (5) preparing a mediation brief and then participating in an-all day mediation; and (6) litigating multiple motions, including (i) a motion to bifurcate discovery, (ii) multiple motions to compel discovery, which were ultimately granted, (iii) a motion for summary judgment filed by Amerigroup that was denied in substantial part, (iv) a motion for reconsideration filed by Plaintiff that was granted, (v) a motion for protective order relating to certain discovery, and (vi) a motion for sanctions relating to certain discovery. Class Counsel anticipate incurring additional lodestar in administering the Settlement, responding to Class Member inquiries, and preparing their motion for final approval.

In addition, Class Counsel has incurred $13,490.76 in expenses to date. Hutchinson Decl. ¶¶ 65-66, 69; Klinger Decl. ¶¶ 32-33. Together, this amounts to a total of $314,116.26. In other words, Class Counsel seeks fees totaling *less than* the amount of time and resources they have expended prosecuting this purely contingent matter. They do not seek any multiplier, which would be well-deserved in this case in view of the excellent result they achieved for the Settlement Class Members, as discussed further below.

Moreover, the time Class Counsel devoted and will devote to this case is reasonable. Class Counsel prosecuted the claims efficiently and effectively, making every effort to prevent duplication of work. And throughout the litigation and mediation process, Class Counsel faced defense counsel from a respected law firm who defended this case at every stage. *See DeStefano v. Zynga, Inc.*, 12-cv-04007, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016) ("The quality of opposing counsel is also relevant to the quality and skill that class counsel provided.").

Class Counsel's hourly rates, which are detailed in Hutchinson Decl. ¶ 59, are reasonable and have been approved by this Court and other courts in the Ninth Circuit and throughout the country.[3] In assessing the reasonableness of an attorney's hourly rate, courts consider whether the

---

[3] *See, e.g., Arthur, et al. v. Sallie Mae, Inc.*, No. C10-0198 JLR, 2012 WL 4076119 (W.D. Wash. Sept. 17, 2012) (awarding requested attorneys' fees); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) ("The Court finds that the hourly rates charged by the attorneys in this case are reasonable.").

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR                    -6-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

claimed rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1994). Class Counsel are experienced, highly regarded members of the bar with extensive expertise in complex class actions involving consumer claims like those at issue here.

### 2. The Novelty and Difficulty of the Questions Involved

TCPA class actions such as this one involving calls to "wrong" or "reassigned numbers" are complex and involve risk. Of course, every class action involves some level of uncertainty, both on the merits and on the appropriateness of certification. This case was no different, as there was no guarantee that Plaintiff would be able to obtain and maintain certification of the Class through trial, or that this Court, or the trier of fact, would find in his favor as to liability.

Plaintiff and proposed Class Counsel strongly believe in the strength of Plaintiff's claims. However, Amerigroup vigorously denied its liability throughout this case and raised a host of defenses, both on the merits and to the maintenance of class certification, including that Plaintiff and Class Members are barred from making claims to the extent they provided prior consent, and that the system used to make the calls is not an automatic telephone dialing system ("ATDS"), and is therefore outside the scope of the statute.[4]

In addition to the merits defenses Amerigroup raises, it will also fight any motion for certification of a litigation class. Denial of class certification would result in no recovery at all for most Class Members. And at least one court in this Circuit denied certification in a "wrong number" TCPA case. See *Revitch v. Citibank, N.A.*, C 17-06907 WHA, 2019 WL 1903247, at *1 (N.D. Cal. Apr. 28, 2019). Indeed, Class Counsel here were acutely aware of the risks, as they lost similar motions on multiple occasions.[5]

Plaintiff and Class Counsel also faced external risks emanating from the ever-changing

---

[4] Plaintiff believes these arguments are without merit, but nevertheless recognizes that they pose litigation risk.
[5] *See, e.g., Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 530 (E.D. Wis. 2014) (denying class certification in wrong number TCPA case after significant expert work and discovery); *Aghdasi v. Mercury Insurance Group, Inc.*, Case No. 2:15-cv-04030-R-AGR (C.D. Cal. Mar. 16, 2016) (dismissing wrong number TCPA case after denial of class certification).

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR
-7-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

legal landscape of the TCPA. The risk here is very real. *Barr v. American Association of Political Consultants, Inc.*, recently considered a challenge to the constitutionality of the TCPA. 140 S.Ct. 2335 (2020). Had the Court found the statute unconstitutional, Plaintiff's and Class Members' claims would have ceased to exist—extinguishing any hope of a recovery. Even after that case, the TCPA is back before the Supreme Court in a case considering a Circuit split regarding the definition of an ATDS under the TCPA—one of the defenses that Amerigroup raised here. *Facebook, Inc. v. Duguid*, No. 19-511 (argued Dec. 8, 2020).

These combined risks were far from hypothetical. While litigation is inherently unpredictable and therefore risky, the risks in TCPA cases are particularly acute. There can be little question that this case was complex and involved risk. The novelty and difficulty of the questions involved here support Class Counsel's requested award.

### 3. The Preclusion of Other Employment

When determining the reasonableness of a fee, the burdens Class Counsel experienced while litigating the case (e.g., cost, duration, and foregoing other work) should be considered. *Grays Harbor Adventist Christian Sch.*, 2008 WL 1901988, at *1. This litigation has been pending for approximately eighteen months. Class Counsel advanced more than 500 hours of time and thousands of dollars in out-of-pocket costs—and have foregone other work while litigating this case. This factor also weighs in favor of the requested award.[6] *See In re Infospace, Inc. Sec. Litig.*, 330 F. Supp. 2d 1203, 1212 (W.D. Wash. 2004) (noting that "preclusion of other employment by the attorney due to acceptance of the case" is a factor to consider when determining an appropriate fee award).

### 4. The Customary Fee

It is customary to apply a multiplier to Class Counsel's lodestar. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050-51 & n.6 (9th Cir. 2002); *accord In re Infospace, Inc.*, 330 F. Supp.

---

[6] This is especially true where, as here, one of the two firms representing the Class is a "small firm" consisting only of five attorneys.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR
-8-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

2d at 1216 (finding that a lodestar multiplier of 3.5 adequately compensates counsel's risk of nonpayment); *Steiner v. Am. Broad. Co, Inc.*, 248 F. App'x. 780, 783 (9th Cir. 2007) (finding a multiplier of approximately 6.85 to be "well within the range of multipliers that courts have allowed"); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1123 (C.D. Cal. 2008) (multiplier of 5.2). Here, Class Counsel do not even seek a multiplier to their lodestar even though it would be reasonable to do so. Instead, they seek *less than* the value of their hourly services, which is "presumptively reasonable." *Barovic*, 2016 WL 199674, at *4. This factor too supports Class Counsel's fee request.

### 5. **Whether the Fee is Contingent**

The requested fee is also justified by the financial risks undertaken by Class Counsel in representing the Class on a contingency basis. *See Vizcaino*, 290 F.3d at 1050 (finding that class counsel's representation of the class on a contingency basis is relevant to the assessment of the fee). The public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk they might be paid nothing at all for their work. *In re Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose."); *Vizcaino*, 290 F.3d at 1051 (courts reward successful class counsel in contingency cases "for taking the risk of nonpayment by paying them a premium over their normal hourly rates"). Class Counsel devoted substantial resources to the prosecution of this case with no guarantee that they would be compensated for their time or reimbursed for their expenses. In spite of the substantial risk of nonpayment, Class Counsel zealously represented the interests of the Class. They do not seek an enhanced fee; merely the reasonable value of their hourly services for this purely contingent matter, and even then at a discount.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR

-9-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

### 6. The Results Obtained

The results obtained here for the Settlement Class Members are outstanding. The TCPA allows a plaintiff to bring "an action to recover for actual monetary loss from [a violation of the TCPA], or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). Damages are trebled where a plaintiff can show the violation as knowing or willful. 47 U.S.C. § 227(b)(3)(C). The Settlement provides significant guaranteed relief to Settlement Class Members, particularly in light of the uncertainty of prevailing at certification or on the merits as discussed above.

Despite the obstacles Plaintiff faced, he and Class Counsel negotiated an agreement that creates a $541,800 non-reversionary Settlement Fund. This Settlement exceeds many analogous TCPA class action settlements. Specifically, dividing the Settlement Fund of $541,800 by 5,418 (the estimated number of Settlement Class Members) amounts to $100 per person.  Class Counsel prioritized the Class's interests by securing this relief before even discussing attorneys' fees.

Wrong number TCPA cases often provide far less relief. *See Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090, at *2 (M.D. Fla. Apr. 2, 2019) (preliminary approval amounting to $1.269 million, or approximately $7 per class member); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016) (preliminary approval for $5.55 per person); *Picchi v. World Fin. Network Bank*, No. 11-CV-61797 (S.D. Fla. Jan. 30, 2015) (granting final approval in a similar wrong-number TCPA class action for $2.63 per person).[7] Indeed, the settlement provides immediate cash relief to the Class: claiming Class Members will receive at least $100, but may receive considerably more if a second distribution is made from amounts remaining in the fund. *See* Agreement ¶ 3.4(c).

---

[7] Per-claimant recoveries in other TCPA class actions often fall within a lower range. *See, e.g., Rose v. Bank of Am. Corp.*, Nos. 11 C 2390 & 12 C 4009, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) (approving TCPA class settlement where claimants received between $20 and $40 each); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118 JSW, 2014 WL 1309352 (N.D. Cal. Mar. 31, 2014) (less than $50 per TCPA claimant); *Arthur v. Sallie Mae, Inc.*, 10–CV198–JLR, 2012 WL 4075238 (W.D. Wash. Sept. 17, 2012) ($20-$40 per participating class member); *Adams v. Allianceone Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, ECF No. 113 (S.D. Cal. Apr. 23, 2012) (approximately $1.48 per class member).

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR                                -10-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1    The Settlement also provides important injunctive relief tailored to curtailing
2 Amerigroup's autodialed calls to wrong or reassigned cellular telephone numbers. Amerigroup
3 has agreed to implement the following remedial measures at the company: (a) enroll in and use a
4 reassigned number database for all call campaigns; (b) create and an internal wrong number
5 database; and (c) provide training for these databases to all employees and agents involved in any
6 aspect of its calling programs.
7    In sum, the Settlement here constitutes an objectively "excellent result" for the Settlement
8 Class. *See Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425, at *4
9 (N.D. Ga. Jan. 30, 2017) (cash recovery of $24 per claimant in a TCPA class action—far less than
10 the expected recovery here—was "an excellent result when compared to the issues Plaintiffs
11 would face if they had to litigate the matter").

### 7.    Awards in Similar Cases

13    The requested fee payment of $200,000 is modest when compared to awards in similar
14 "wrong number" TCPA cases. For example, in *Thomas v. Financial Corporation of America*,
15 Case No. 19-cv-0152-E, Doc. 86 (N.D. Tex.), the court awarded class counsel a fee award of
16 $587,500 based on the lodestar method, which included a multiplier of approximately 1.25. Yet,
17 the *Thomas* case provided only injunctive relief to the Settlement Class. Unlike *Thomas*, Class
18 Members here will benefit from practice changes and a significant monetary payment that
19 exceeds what class members typically receive in similar "wrong number" TCPA class actions.

### C.    The Costs Sought Are Appropriate, Fair and Reasonable

21    In addition to their fees, Class Counsel seek reimbursement of modest costs incurred in
22 litigating this action. It is well-established that recovery of costs, in addition to fees, is appropriate
23 in its own right. "Reasonable costs and expenses incurred by an attorney who creates or preserves
24 a common fund are reimbursed proportionately by those class members who benefit [from] the
25 settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).
26 Class Counsel incurred out-of-pocket costs totaling $13,490.76 primarily to cover expenses

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR
-11-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1  related to travel, deposition and mediation fees, legal research, investigation, and administrative

2  costs such as copying, mailing, and messenger expenses. Hutchinson Decl. ¶¶ 65-69; Klinger

3  Decl. ¶¶ 32-33. These out-of-pocket costs were necessary to secure the resolution of this

4  litigation, and should be recouped. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166,

5  1177-78 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses,

6  postage, telephone and fax costs, computerized legal research fees, and mediation expenses are

7  relevant and necessary expenses in a class action litigation); *see also* Agreement ¶ 13.1.

8        **D.**    <u>**A Service Award for the Plaintiff Is Reasonable.**</u>

9        Service awards compensate plaintiffs for work done on behalf of the Class, account for

10 financial and reputational risks associated with litigation, and promote the public policy of

11 encouraging plaintiffs to undertake the responsibility of representative lawsuits. *See Rodriguez v.*

12 *West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Hartless v. Clorox Co.*, 273 F.R.D.

13 630, 646-47 (S.D. Cal. 2011) ("Incentive awards are fairly typical in class actions."). The

14 Settlement is not contingent on the Court's granting of such an award. Agreement ¶ 13.2.

15       The requested service award of $10,000 is modest under the circumstances, and well in

16 line with awards approved by federal courts in Washington and elsewhere. *See Pelletz*, 592 F.

17 Supp. 2d at 1329-30 & n.9 (approving $7,500 service awards and collecting decisions approving

18 awards ranging from $5,000 to $40,000); *Lofton*, 2016 WL 7985253, at *2 (awarding $15,000

19 incentive fee in TCPA class action). This award will compensate Mr. Dennis for his time and

20 effort in stepping forward to serve as class representative, sitting for deposition, assisting in the

21 investigation, keeping abreast of the litigation, and reviewing and approving the proposed

22 settlement terms after consulting with Class Counsel. Indeed, without Mr. Dennis litigating this

23 matter, the Class would not have been able to recover anything.

24 **IV.**    <u>**CONCLUSION**</u>

25       Class Counsel respectfully request that this Court grant their motion and award the

26 requested attorneys' fees and costs and Plaintiff service award in full.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR

-12-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

| | | |
|---|---|---|
| 1 | DATED: December 14, 2020 | Respectfully Submitted, |
| 2 | | |
| 3 | | FRANK FREED SUBIT & THOMAS LLP |
| 4 | | By: */s/ Michael C. Subit* |
| | | Michael C. Subit, WSBA #29189 |
| 5 | | 705 Second Avenue, Suite 1200 |
| | | Seattle, Washington 98104 |
| 6 | | Telephone: (206) 682-6711 |
| | | Facsimile: (206) 682-0401 |
| 7 | | Email: msubit@frankfreed.com |
| 8 | | LIEFF CABRASER HEIMANN & |
| | | BERNSTEIN, LLP |
| 9 | | By: */s/ Daniel M. Hutchinson* |
| 10 | | Daniel M. Hutchinson, *pro hac vice* |
| | | Email: dhutchinson@lchb.com |
| 11 | | Evan J. Ballan, *pro hac vice* |
| | | Email: eballan@lchb.com |
| 12 | | 275 Battery Street, 29th Floor |
| | | San Francisco, CA 94111-3339 |
| 13 | | Telephone: (415) 956-1000 |
| | | Facsimile: (415) 956-1008 |
| 14 | | |
| 15 | | LIEFF CABRASER HEIMANN & |
| | | BERNSTEIN, LLP |
| 16 | | Jonathan D. Selbin, *pro hac vice* |
| | | 250 Hudson Street, 8th Floor |
| 17 | | New York, NY 10013 |
| | | Telephone: (212) 355-9500 |
| 18 | | Facsimile: (212) 355-9592 |
| | | E-mail: jselbin@lchb.com |
| 19 | | |
| 20 | | MASON LIETZ & KLINGER, LLP |
| 21 | | Gary M. Klinger, *pro hac vice* |
| | | 227 W. Monroe Street, Suite 2100 |
| 22 | | Chicago, Illinois 60606 |
| | | Telephone: (312) 283-3814 |
| 23 | | E-mail: gklinger@masonllp.com |
| 24 | | *Counsel for Plaintiff and the Proposed Class* |
| 25 | | |
| 26 | | |

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR

-13-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

## **CERTIFICATE OF SERVICE**

I certify that, on the date indicated below, I caused the foregoing document to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all attorneys and parties of record.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge.

SIGNED December 14, 2020, at Oakland, CA.


　　　　　　　　　　　　　　　　　　　*/s/* Daniel M. Hutchinson

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND
COSTS, AND SERVICE AWARD TO THE PLAINTIFF
Case No. 3:19-cv-05165-JR
-14-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008