THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID DENNIS, individually and on behalf
of others similarly situated,

              Plaintiff,

   v.

AMERIGROUP WASHINGTON, INC., a
Washington corporation,

              Defendant.

Case No. 3:19-cv-05165-JLR

**PLAINTIFF'S MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

**Noting Date: March 23, 2021**

**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Phone.: (202) 429-2290

1

## TABLE OF CONTENTS

2    SECTION:                                                                PAGE:

3    I.     INTRODUCTION................................................................................1

4    II.    SUMMARY OF CASE AND SETTLEMENT.............................................2

5    a.     Plaintiff alleges Amerigroup violated the TCPA by placing autodialed calls

6           without his consent. Amerigroup denies all wrongdoing. ....................................2

7    b.     Despite facing significant obstacles to proving liability and obtaining and maintaining

8           class certification, Plaintiff's efforts resulted in the settlement now before this Court......2

9    c.     The settlement requires Amerigroup to create a non-reversionary fund of

10          $541,800 for the benefit of Settlement Class Members......................................4

11   d.     Notice and Claims Administration................................................................5

12   III.   ARGUMENT ....................................................................................6

13   a.     The settlement satisfies all requirements and merits approval. .............................6

14   i.     The strengths of Plaintiff's case and the risks inherent in continued

15          litigation against Amerigroup favor final approval. ....................................7

16   ii.    The immediate, meaningful cash relief afforded by the Settlement

17          favors final approval. ...........................................................................8

18   iii.   The posture of this case and experience and views of counsel favor final approval. ..10

19   iv.    The lack of a government participant supports final approval of the settlement.........11

20   v.     The reaction of Settlement Class Members strongly supports final

21          approval of the settlement.....................................................................12

22   vi.    The settlement treats Settlement Class Members equitably. .......................12

23   vii.   Plaintiff and his counsel adequately represented the Settlement Class. ......................13

24   viii.  The proposed cy pres recipients are appropriate and should be approved. ................13

25   b.     Distribution of class notice more than satisfied due process requirements. ......................14

26   c.     The Settlement Class should be finally certified. ........................................15

27   IV.    CONCLUSION ...............................................................................15

28

## TABLE OF AUTHORITIES

**CASES:**                                                                                    **PAGE(S):**

*Adams v. Allianceone Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG
(S.D. Cal. Apr. 23, 2012) .......................................................................................8

*Agne v. Papa John's Int'l*, No. 2:10-cv-01139, ECF No. 389 (W.D. Wash. Oct. 22, 2013)...........9

*Ahdoot v. Babolat VS N. Am., Inc.*, No. CV 13-02823-VAP VBKX, 2015 WL 1540784
(C.D. Cal. Apr. 6, 2015) ......................................................................................14

*Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335 (2020) ...............................3

*Bayat v. Bank of the West*, No. C-13-2376 EMC, 2015 WL 1744342 (N.D. Cal. Apr.
15, 2015)............................................................................................................12

*Bykov v. DC Transp. Servs., Inc.*, No. 2:18-CV-1691 DB, 2019 WL 1430984 (E.D.
Cal. Mar. 29, 2019) .............................................................................................11

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)...................................6

*Clark v. Payless ShoeSource, Inc.*, No. 2:09-cv-00915, ECF No. 72 (W.D. Wash.
July 27, 2012) ......................................................................................................9

*Class Pls. v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ...........................................7

*Couser v. Comenity Bank*, 125 F. Supp. 3d 1034 (S.D. Cal. 2015)...................................9

*Cross v. Wells Fargo Bank, N.A.*, No. 15-cv-1270, 2016 WL 5109533 (N.D. Ga.
Sept. 13, 2016).....................................................................................................8

*Cubbage v. The Talbots, Inc.*, No. 2:09-cv-00911, ECF No. 114 (W.D. Wash. Nov.
5, 2012)................................................................................................................9

*Davis v. AT&T Corp.*, No. 15CV2342-DMS (DHB), 2017 WL 1155350 (S.D. Cal.
Mar. 28, 2017) ......................................................................................................3

*Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012) ...................................................14

*Duke v. Bank of Am., N.A.*, No. 12-4009, ECF Nos. 51, 59 (N.D. Cal. Feb. 19, 2014
& Aug. 29, 2014)..................................................................................................9

*Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) ..............................................7

*Garret v. Sharps Compliance, Inc.*, No. 1:10-cv-04030, ECF No. 74 (N.D. Ill. Nov. 5, 2012) ................................................................................................................. 9

*Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215 (N.D. Ill. 2016) ............................ 9

*Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018) ................................................................................................. 13

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ................................... passim

*Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935 (D. Minn. 2016) ................... 9

*In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015).................... 9

*In re Classmates.com Consol. Litig.*, No. C09-45RAJ, 2011 WL 744664 (W.D. Wash. Feb. 23, 2011) ........................................................................................................... 14

*In re Google LLC Str. View Elec. Commc'ns Litig.*, No. 10-md-02184 CR*, 2020 WL 1288377 (N.D. Cal. Mar. 18, 2020) ............................................................................ 13

*In re Jiffy Lube Int'l, Inc.*, No. 11-md-02261, ECF No. 97 (S.D. Cal. Feb. 20, 2013).................. 9

*In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2007)................................. 11, 12

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 6442227 (N.D. Cal. Oct. 25, 2016) ............................................. 11

*James v. JPMorgan Chase Bank, N.A.*, No. 15-2424, 2016 WL 6908118 (M.D. Fla. Nov. 22, 2016) ........................................................................................................... 8, 14

*Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823 (N.D. Cal. Aug. 22, 2017)...................................... 12

*Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL (D. Ariz. July 12, 2019) .................. 14

*Kolinek v. Walgreen Co.*, 311 F.R.D. 483 (N.D. Ill. 2015) .......................................... 9

*Lee v. Glob. Tel*link Corp.*, No. 2:15-cv-02495, 2018 WL 4625677 (C.D. Cal. Sept. 24, 2018) ........................................................................................................... 12

*Luster v. Wells Fargo Dealer Servs., Inc.*, No. 15-1058, ECF No. 60 (N.D. Ga. Feb. 23, 2017) ............................................................................................................. 8

*Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425 (N.D. Ga. Jan. 30, 2017) ............................................................................................ 10

*Markos v. Wells Fargo Bank, N.A.*, No. 15-1156, 2016 WL 4708028 (N.D. Ga. Sept. 7, 2016)... 8

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- iv

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

*Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011) ................................................ 14

*Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ............. 10, 12

*Picchi v. World Fin. Network Bank*, No. 11-CV-61797 (S.D. Fla. Jan. 30, 2015 &

Dec. 18, 2015) ............................................................................................................ 8

*Prather v. Wells Fargo Bank, N.A.*, No. 15-4231, 2017 WL 770132 (N.D. Ga. Feb.

24, 2017) .................................................................................................................... 8

*Revitch v. Citibank, N.A.*, No. C 18-06907 WHA, 2019 WL 1903247 (N.D. Cal. Apr.

28, 2019) (Alsup, J.) .................................................................................................. 3

*Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 3087078

(W.D. Wash. May 31, 2016) ...................................................................................... 12

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ...................................... 11

*Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358 (N.D. Cal.

Aug. 29, 2014) ........................................................................................................ 9, 12

*Russell v. Kohl's Dep't Stores, Inc.*, 755 F. App'x 605 (9th Cir. 2018) ........................ 6

*Schuchardt v. Law Off. of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016) .............. 11

*Spillman v. RPM Pizza, LLC*, No. 10-349, 2013 WL 2286076 (M.D. La. May

23, 2013) .................................................................................................................... 9

*Steinfeld v. Discover Fin. Servs.*, No. 12-cv-1118, 2014 WL 1309352 (N.D. Cal.

Mar. 31, 2014) ........................................................................................................... 9

*Ward v. Flagship Credit Acceptance, LLC*, No. 17-2069, 2020 WL 759389 (E.D.

Pa. Feb. 13, 2020) ..................................................................................................... 4

*Weeks v. Kellogg Co.*, No. CV 09-08102 MMM RZX, 2013 WL 6531177 (C.D. Cal.

Nov. 23, 2013) .......................................................................................................... 14

*Wilkins v. HSBC Bank Nev., N.A.*, No. 14-190, 2015 WL 890566 (N.D. Ill. Feb. 27, 2015) ........ 8

*Williams v. Bluestem Brands, Inc.*, No. 17-1971, 2019 WL 1450090 (M.D. Fla. Apr.

2, 2019) .................................................................................................................. 8, 14

*Wilson v. Gateway, Inc.*, No. CV 09-7560-GW(VBKX), 2014 WL 12704846 (C.D.

Cal. Oct. 6, 2014) ..................................................................................................... 10

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- v

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

*Wright v. Nationstar Mortg. LLC*, No. 14 C 10457, 2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) .......................................................................................................... 9

**STATUTES:**                                                                **PAGE(S):**

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 ........................................ 5, 11

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227........................................ passim

**OTHER AUTHORITIES:**                                                        **PAGE(S):**

4 *Newberg on Class Actions* § 11.41 (4th ed. 2002)........................................................... 7

**RULES:**                                                                    **PAGE(S):**

Fed. R. Civ. P. 23(e) ........................................................................ 6, 12, 13, 14

Fed. R. Civ. P. 23(e), advisory comm.'s note (2018). ................................................. 13

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

## I.    INTRODUCTION

2

3   After approximately one-and-a-half years of vigorously contested litigation, and as a

4   result of extensive arm's-length negotiations following mediation before the Hon. Sidney I.

5   Schenkier (Ret.), the Parties reached an agreement to resolve this class action under the

6   Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. In short, the settlement

7   requires Defendant Amerigroup Washington, Inc. ("Amerigroup") to pay $541,800 into a non-

8   reversionary Settlement Fund which will provide cash payments to Settlement Class Members.

9   In addition, Amerigroup has agreed to implement core practice changes designed to prevent

10  further placement of autodialed calls to wrong or reassigned numbers. These benefits were

11  created separate and apart from Amerigroup's agreement to pay attorneys' fees, costs, and a

12  service award subject to approval by the Court—as such, any fees granted will not reduce the

    amount available for distribution to Settlement Class Members.

13  On November 13, 2020, this Court preliminarily approved the settlement and authorized

14  distribution of notice and claim forms to potential Settlement Class Members.[1] ECF No. 94. In

15  turn, KCC, LLC ("KCC")—the Court-appointed class administrator, *see id.* at 3—distributed

16  class notice in accordance with this Court's preliminary approval order, and Settlement Class

17  Members were provided until February 11, 2021 to submit claims, requests for exclusion, or to

18  object.

19  As of February 26, 2021, 291 Settlement Class Members submitted timely claims for

20  their share of the settlement fund. Each valid claimant will receive $100, with remaining funds

21  split between two *cy pres* recipients: St. Jude's Children's Research Hospital and Feeding

22  America Food Banks. This tremendous outcome—both in terms of the payment per claimant *and*

23  the total recovery available to all Settlement Class Members—far exceeds that in most TCPA

24  class action settlements that have garnered final approval, and represents a remarkable result for

25  Settlement Class Members.

26

27

---

28  [1] Plaintiff David Dennis previously filed the Settlement Agreement ("Agreement" or "Agr.")
    with the Court. ECF No. 93-1, Ex. A. Capitalized terms herein have the same definitions as in
    the Agreement.

*Moreover, no Settlement Class Members have opted out of or objected to any part of the Settlement.* Given this excellent result, and considering the favorable reaction from Settlement Class Members, Mr. Dennis respectfully requests that this Court grant final approval of the settlement and enter a final judgment and order in the form agreed to by the Parties.

Notably, neither Amerigroup nor any Settlement Class Members oppose this relief.

## II.  SUMMARY OF CASE AND SETTLEMENT

### a.  Plaintiff alleges Amerigroup violated the TCPA by placing autodialed calls without his consent. Amerigroup denies all wrongdoing.

Plaintiff filed his Complaint on March 5, 2019 in the Western District of Washington alleging violations of the TCPA on behalf of himself and all similarly situated individuals. Decl. of Gary M. Klinger in Supp. of Pl.'s Unopposed Mot. for Prelim. App. ¶ 13, ECF No. 93-1 ("Klinger MPA Decl."). Specifically, Plaintiff alleged that Amerigroup made multiple calls to, and/or left prerecorded messages on, his cell phone and the cell phones of class members through the use of an automatic telephone dialing system ("ATDS"), without his consent or the consent of Class Members. *Id.* ¶ 14. At issue is whether these calls, and those made to similarly situated persons, violate the TCPA. Amerigroup maintains that it did not violate the TCPA.

### b.  Despite facing significant obstacles to proving liability and obtaining and maintaining class certification, Plaintiff's efforts resulted in the settlement now before this Court.

While Plaintiff strongly believes in the merits of his claims, Amerigroup vehemently disputes that it violated the TCPA, and has raised a host of defenses both on the merits and as to class certification, including: whether Amerigroup reasonably relied on phone numbers that were reassigned without its knowledge, whether Plaintiff provided the requisite consent, and whether Plaintiff's alleged Class can be certified. Klinger MPA Decl. ¶ 35; *see also* Def.'s Answer to Pl.'s First Am. Compl., ECF No. 88.

In the nearly two years since filing his Complaint, Mr. Dennis has already faced significant obstacles to litigation:

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- 2

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

- Amerigroup filed a motion for summary judgment in which it argued among other things, that the calls placed to Mr. Dennis did not fall within the scope of the TCPA. Klinger MPA Decl. ¶ 24; *see also* Mot. for Summ. J., ECF No. 56. Mr. Dennis contested all grounds on which Amerigroup sought summary judgment. Klinger MPA Decl. ¶ 25; *see also* Pl.'s Opp. to Mot. for Summ. J., ECF No. 57. Amerigroup prevailed in part, which eliminated certain calls and texts from the scope of this litigation. Order on Mot. for Summ. J., ECF No. 58. However, Mr. Dennis also prevailed in part, which preserved the core class claims at issue in this litigation. *Id.* Mr. Dennis also prevailed on a subsequent motion for reconsideration. Order on Mot. for Recons., ECF No. 68. These orders permitted Mr. Dennis to proceed with his claim that Amerigroup made improper calls to him and similarly situated individuals without prior express consent. Klinger MPA Decl. ¶¶ 27–30; *see also* Order on Mot. for Summ. J., ECF No. 58; Order on Mot. for Recons., ECF No. 68.

- Mr. Dennis was forced to oppose a motion to bifurcate discovery, and move to compel production (on three separate occasions) of Call List and Call Data used by Amerigroup. Klinger MPA Decl. ¶¶ 19–23, 31–32. Amerigroup was eventually required to produce the requested information. Order Granting Mot. to Compel Disc., ECF No. 75.

The obstacles already faced by Mr. Dennis, though significant, were small in scope when compared to the additional obstacles likely to be faced should litigation continue. The TCPA is an evolving area of law that presents risks for continued litigation. For example, some district courts within the Ninth Circuit have declined to certify "wrong number" classes under the TCPA. *See, e.g., Revitch v. Citibank, N.A.*, No. C 18-06907 WHA, 2019 WL 1903247 (N.D. Cal. Apr. 28, 2019) (Alsup, J.); *Davis v. AT&T Corp.*, No. 15CV2342-DMS (DHB), 2017 WL 1155350, at *1 (S.D. Cal. Mar. 28, 2017). Moreover, during the pendency of this case, the United States Supreme Court, in *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, considered the constitutionality of the TCPA's robocall prohibition. 140 S. Ct. 2335 (2020). Ultimately, while

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- 3

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

the Court did find an exemption to the robocall prohibition unconstitutional, it severed that exemption from the statute—an exemption not at issue here. If, however, the Supreme Court would have found the TCPA to be unconstitutional, Plaintiff's and Class Members' claims would have ceased to exist, thus extinguishing any hope of a recovery. *See Ward v. Flagship Credit Acceptance, LLC*, No. 17-2069, 2020 WL 759389, at *9 (E.D. Pa. Feb. 13, 2020) ("Depending on the approach the Supreme Court takes [in Barr], the general constitutionality of the TCPA may be in question.").

Despite these substantial obstacles—and only after Mr. Dennis survived a motion for summary judgment, and the Parties engaged in extensive written discovery—the Parties mediated the case with Hon. Sidney I. Schenkier (Ret.) of JAMS on July 16, 2020. Klinger MPA Decl. ¶¶ 36–39. At the end of a full day of in-person negotiations, and only after Judge Schenkier had submitted a mediator's proposal for consideration, the Parties reached a tentative Settlement Agreement which was finalized on October 15, 2020, after months of additional drafting and negotiations. *Id.* ¶ 42.

> ### c. The settlement requires Amerigroup to create a non-reversionary fund of $541,800 for the benefit of Settlement Class Members.

The Settlement Agreement negotiated on behalf of Mr. Dennis and the proposed Settlement Class requires Amerigroup to create a non-reversionary common fund of $541,800. *Id.* ¶ 52.

Participating Settlement Class Members will each receive a check for $100 paid out of the $541,800 settlement fund. The Settlement Agreement then mandates: "If any amounts remain in the Settlement Fund because any Settlement Class Member fails to cash his/her/its Benefit Check, or such Benefit Check expires or otherwise becomes null and void, the Settlement Administrator shall distribute the then-remaining amount in the Settlement Fund in equal shares to all Class Members who cashed their Benefit Checks from the initial distribution." Agr. ¶ 3.4(c). After payments to valid claimants, the money remaining in Settlement Fund will be split equally between the two healthcare-related *cy pres* recipients agreed upon by the Parties: St. Jude's Children's Research Hospital and Feeding America Food Banks. *Id.* ¶ 3.4(d).

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- 4

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

In exchange, Settlement Class Members will release claims for violations of the TCPA. Klinger MPA Decl. ¶ 74. Costs of settlement administration, attorneys' fees and costs, and Plaintiff's service award will be paid separate and apart from the Settlement Fund—and are subject to Court approval. *Id.* ¶¶ 76–77.

### d. Notice and Claims Administration

KCC successfully delivered notice to Settlement Class Members in accordance with this Court's Preliminary Approval Order. *See* Chernila Notice Decl., attached as Exhibit 1.

*CAFA Notice:* In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, KCC compiled a CAFA Notice Packet containing a CD-ROM containing relevant case filings and an introductory letter, and caused sixty (60) CAFA Notice Packets to be sent to the U.S. Attorney General, the Attorneys General of each of the fifty (50) States and the District of Columbia, the Attorneys General of the five (5) recognized U.S. Territories, as well as parties of interest to this Action. *Id.* ¶¶ 2–3. No government official, state or federal, objected to or raised an issue regarding the settlement. *Id.* ¶ 4.

*Class List*: On November 23, 2020, KCC received a list of records identified as the Class List. *Id.* ¶ 5. The Class List included names, addresses, account numbers, policy numbers, phone numbers, dates of activity, membership ID information, and household ID information. *Id.* Reverse telephone number lookups were performed on the telephone numbers provided by Amerigroup as belonging to potential Settlement Class Members, resulting in a final class list of 5,380 individuals.

*Direct Mail Notice to Settlement Class Members*: After compiling and vetting the information provided in the Class List, on December 4, 2020 KCC sent postcard notice to Settlement Class Members, which included summary notice of the settlement and a detachable claim form. *See Id.* ¶¶ 9–12, Ex. C. Out of the postcards mailed, 1,227 were returned undeliverable. *Id.* ¶ 12. KCC performed advanced address searches to locate updated addresses, and promptly re-mailed postcards to the 166 updated addresses obtained by this process. *Id.*

*Settlement Website*: KCC established and maintains a website dedicated to the settlement—http://www.watcpasettlement.com/—that   includes   information   pertinent   to

Settlement Class Members such as court filings, as well as answers to frequently asked questions. *Id*. ¶ 13. Settlement Class Members were able to download copies of notice and file claims via the settlement website. *Id*. As of the week of filing, the website had received 1,180 visits. *Id*.

*Toll-Free Information Line*: KCC established and maintains a toll-free telephone number—(866) 690-8159—for Settlement Class Members to obtain information about the settlement. *Id*. ¶ 14. The telephone hotline has been operational since December 3, 2020, and provides live-operator assistance during regular business hours. *Id*.

*Claims*: As of February 26, 2021, 291 persons submitted timely claims. *Id*. ¶ 15.

*Exclusions*: No Settlement Class Member requested exclusion form the Settlement. *Id*. ¶ 16.

*Objections*: No Settlement Class Member objected to the settlement. *Id*. ¶ 17.

## III.    ARGUMENT

### a.    The settlement satisfies all requirements and merits approval.

Under Rule 23(e) of the Federal Rules of Civil Procedure, a class action settlement may be approved if it is "fair, reasonable, and adequate." *Russell v. Kohl's Dep't Stores, Inc.*, 755 F. App'x 605, 608 (9th Cir. 2018).[2] To that end, the Ninth Circuit has identified eight factors to consider in analyzing the fairness, reasonableness, and adequacy of a class settlement: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Rule 23(e) also requires a court to consider several additional factors, including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e).

---

[2] Unless otherwise indicated, all internal citations and quotations are omitted, and all emphasis is added.

1    In applying these factors, this Court should be guided foremost by the general principle

2    that federal courts favor settlements of class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d

3    1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding

4    public interest in settling and quieting litigation. This is particularly true in class action suits");

5    *Class Pls. v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial

6    policy that favors settlements, particularly where complex class action litigation is concerned");

7    *see also* 4 *Newberg on Class Actions* § 11.41 (4th ed. 2002) (citing cases). Here, the relevant

8    factors firmly support the conclusion that the settlement is fundamentally fair, reasonable, and

9    adequate, and that this Court should approve it.

10        i.    The strengths of Plaintiff's case and the risks inherent in continued litigation

11               against Amerigroup favor final approval.

12    The first, second, and third *Hanlon* factors support final approval. Of course, every class

13    action involves some level of uncertainty, both on the merits and on the appropriateness of

14    certification. This case is no different, as there is no guarantee that Mr. Dennis would be able to

15    obtain certification of the Class and maintain certification through trial, or that this Court, or the

16    trier of fact, would find in his favor as to liability.

17    Plaintiff and Class Counsel strongly believe in the strength of Mr. Dennis's claims, and

18    note that the TCPA allows a plaintiff to bring "an action to recover for actual monetary loss from

19    [a violation of the TCPA], or to receive $500 in damages for each such violation, whichever is

20    greater." 47 U.S.C. § 227(b)(3)(B). Damages are trebled where a plaintiff can show the violation

21    as knowing or willful. 47 U.S.C. § 227(b)(3)(C). Amerigroup, however, vigorously denies its

22    liability. *See* Summary of the Case and Settlement, Section II, *supra*. In addition to the defenses

23    Amerigroup raised pertaining to the merits of the claims—such as Amerigroup's claim it

24    reasonably relied on phone numbers that were reassigned without their knowledge, and that Mr.

25    Dennis provided the requisite consent—it would surely fight any motion for certification filed by

26    Plaintiff. *See* Klinger MPA Decl. ¶ 35. Inability to obtain certification of a litigation class or

27    pretrial decertification would lead to class members recovering nothing at all.

28

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- 7

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

Given these substantial risks and uncertainties, there can be little question that Mr. Dennis would face real challenges in prevailing on his claims, obtaining class certification and maintaining it through trial. The $541,800 Settlement Fund viewed in light of these risks, underscores the reasonableness of the settlement, and supports its approval.

ii.   <u>The immediate, meaningful cash relief afforded by the Settlement favors final approval.</u>

The fourth *Hanlon* factor—the amount offered in the settlement—also favors approval. To reiterate, Amerigroup will pay $541,800 to resolve this matter—an amount that is significant in its own right. Importantly, no amount of this fund will revert to Amerigroup.

Despite the obstacles Mr. Dennis faced, he and Class Counsel, with the assistance of a highly respected mediator, negotiated a settlement that far exceeds many analogous TCPA class action settlements. Specifically, the Settlement Agreement requires a payment of $100 per Participating Class Member from the $541,800 Fund.

In comparison, in *Picchi v. World Fin. Network Bank*, No. 11-CV-61797, ECF Nos. 131, 161 (S.D. Fla. Jan. 30, 2015 & Dec. 18, 2015), the court granted final approval in a similar wrong-number TCPA class action for $2.63 per person—a small fraction of the amount Settlement Class Members will receive here. *See also, e.g.*, *Williams v. Bluestem Brands, Inc.*, No. 17-1971, 2019 WL 1450090 (M.D. Fla. Apr. 2, 2019) (approximately $7 per class member); *Prather v. Wells Fargo Bank, N.A.*, No. 15-4231, 2017 WL 770132 (N.D. Ga. Feb. 24, 2017) ($4.65 per class member); *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 15-1058, ECF No. 60 (N.D. Ga. Feb. 23, 2017) ($4.65 per class member); *James v. JPMorgan Chase Bank, N.A.*, No. 15-2424, 2016 WL 6908118 (M.D. Fla. Nov. 22, 2016) ($5.55 per class member); *Cross v. Wells Fargo Bank, N.A.*, No. 15-cv-1270, 2016 WL 5109533 (N.D. Ga. Sept. 13, 2016) ($4.75 per class member); *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156, 2016 WL 4708028 (N.D. Ga. Sept. 7, 2016) ($4.95 per class member); *Wilkins v. HSBC Bank Nev., N.A.*, No. 14-190, 2015 WL 890566 (N.D. Ill. Feb. 27, 2015) ($2.95 per class member); *Adams v. Allianceone Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, ECF No. 113 (S.D. Cal. Apr. 23, 2012) (approving settlement equal to approximately $1.48 per TCPA class member); *Duke v. Bank of*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- 8

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

*Am., N.A.*, No. 12-4009, ECF Nos. 51, 59 (N.D. Cal. Feb. 19, 2014 & Aug. 29, 2014) ($4.15 per class member).

But the initial payment of $100 per Participating Class Member is not all that they will receive. The Settlement Agreement also requires that "any amounts remain in the Settlement Fund" be distributed "in equal shares to all Class Members who cashed their Benefit Checks from the initial distribution." Because attorneys' fees, litigation costs and expenses, costs of notice and claims administration, and any approved incentive award are to be paid separate and apart from the Settlement Fund, *see* Klinger MPA Decl. ¶¶ 76–77, each Participating Settlement Class Member here will receive $100—with no pro rata reduction—which far surpasses the high end of TCPA class action settlement recoveries generally. *See Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (between $20 and $40 per claimant); *Steinfeld v. Discover Fin. Servs.*, No. 12-1118, 2014 WL 1309352, at *7 (N.D. Cal. Mar. 31, 2014) (less than $50 per claimant); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1044–45 (S.D. Cal. 2015) (approving TCPA settlement in which class members received $13.75 each); *In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per claimant falls "within the range of recoveries" in a TCPA class action); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493 (N.D. Ill. 2015) (noting that while "thirty dollars per claimant 'falls on the lower end of the scale,' it is nonetheless 'within the range of recoveries' in TCPA class actions"); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 947 (D. Minn. 2016) ($33.20 per claimant); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) ($52.50 per claimant); *Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) (approximately $45 per claimant).[3]

---

[3] *See also Spillman v. RPM Pizza, LLC*, No. 10-349, 2013 WL 2286076, at *4 (M.D. La. May 23, 2013) (approving a TCPA class action settlement that provided up to $15 cash payment); *In re Jiffy Lube Int'l, Inc.*, No. 11-md-02261, ECF No. 97 (S.D. Cal. Feb. 20, 2013) (class members entitled to vouchers for services valued at $17.29 or a cash payment of $12.97); *Garret v. Sharps Compliance, Inc.*, No. 1:10-cv-04030, ECF No. 74 (N.D. Ill. Nov. 5, 2012) ($28.13 recovery per claimant); *Agne v. Papa John's Int'l*, No. 2:10-cv-01139, ECF No. 389 (W.D. Wash. Oct. 22, 2013) ($50 cash recovery plus $13 in merchandise per claimant); *Clark v. Payless ShoeSource, Inc.*, No. 2:09-cv-00915, ECF No. 72 (W.D. Wash. July 27, 2012) ($10 merchandise certificate per claimant); *Cubbage v. The Talbots, Inc.*, No. 2:09-cv-00911, ECF No. 114 (W.D. Wash. Nov. 5, 2012) ($40 or $80 merchandise certificate per claimant).

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- 9

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1    In comparison, the settlement here constitutes a tremendous result. *See Markos v. Wells*

2    *Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017)

3    (finding that the cash recovery of $24 per claimant in a TCPA class action—far less than the

4    expected recovery here—is "an excellent result when compared to the issues Plaintiffs would

5    face if they had to litigate the matter").

6        Because this settlement provides superior results to many other approved TCPA

7    settlements, the fourth *Hanlon* factor strongly favors final approval.

8            iii.    The posture of this case and experience and views of counsel favor final

9                    approval.

10       The fifth and sixth *Hanlon* factors likewise support final approval of the settlement. After

11   over nearly a year and one-half of contested litigation—which included written discovery,

12   depositions, and significant motion practice, *see* Klinger MPA Decl. ¶¶ 12–36—the settlement

13   here was achieved with a clear view as to the strengths and weaknesses of Mr. Dennis's claims.

14   In fact, at the time the Parties reached their settlement, they had completed significant written

15   discovery and Mr. Dennis had survived a motion for summary judgment. *See id.* Moreover, Class

16   Counsel is well versed in class action litigation generally, and TCPA actions in particular. *See id*.

17   ¶¶ 5–11; Decl. of Daniel M. Hutchinson in Supp. of Pl.'s Mot. for Att'ys Fees and Costs, and a

18   Service Award to Pl. ¶¶ 1–22, ECF No. 95-1 ("Hutchinson Decl."); Decl. of Gary M. Klinger in

19   Supp. of Pl.'s Mot. for Att'ys Fees and Costs, and a Service Award to Pl. ¶¶ 3–15, ECF No. 95-2

20   ("Klinger Fees Decl."). As a result, the Parties were thoroughly informed of the claims—and the

21   risks associated with them—before they reached a settlement.

22       Thus, both Class Counsel and this Court are adequately informed to evaluate the fairness

23   of the settlement. Moreover, both Mr. Dennis and Class Counsel strongly believe that the

24   settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. *See*

25   *Wilson v. Gateway, Inc.*, No. CV 09-7560-GW(VBKX), 2014 WL 12704846, at *5 (C.D. Cal.

26   Oct. 6, 2014) ("Class Counsel's experience and recommendation thus weigh in favor of finding

27   the settlement fair.") (citing *Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528

28   (C.D. Cal. 2004) ("Great weight is accorded to the recommendation of counsel . . . because

---

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- 10

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.")); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.").

Further, the Parties' arm's-length settlement negotiations through experienced counsel, and after attending mediation with Judge Schenkier (Ret.), demonstrate the fairness of the settlement, and that the settlement is not a product of collusion. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *see also Bykov v. DC Transp. Servs., Inc.*, No. 2:18-CV-1691 DB, 2019 WL 1430984, at *5–6 (E.D. Cal. Mar. 29, 2019) ("participation in mediation tends to support the conclusion that the settlement process was not collusive"); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 6442227, at *4 (N.D. Cal. Oct. 25, 2016) (same).

As a result, Mr. Dennis and his counsel submit that the substantial value of the recovery here—$541,800—reflects their confidence in Mr. Dennis's claims and the fairness of the settlement. *See Schuchardt v. Law Off. of Rory W. Clark*, 314 F.R.D. 673, 685 (N.D. Cal. 2016) ("Given Class Counsel's extensive experience in this field, and their assertion that the settlement is fair, adequate, and reasonable, this factor supports final approval of the Settlement Agreement."). Given that these opinions were informed by thorough discovery, these factors support final approval of the settlement.

iv.   <u>The lack of a government participant supports final approval of the settlement.</u>

The seventh *Hanlon* factor similarly supports final approval. While no governmental agency is a party to this lawsuit, the Settlement Administrator notified all pertinent government officials of the settlement as required by CAFA. Chernila Notice Decl. ¶¶ 2–3. No governmental entity raised objections or concerns about the settlement. *Id*. This factor therefore supports final approval.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-cv-05165-JLR
- 11

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1
2

      v.      <u>The reaction of Settlement Class Members strongly supports final approval of the settlement.</u>

3
4
5
6
7
8
9
10
11
12
13

Finally, the eighth *Hanlon* factor also supports final approval. After a robust notice program approved by this Court, 291 Settlement Class Members submitted timely claims. Chernila Notice Decl. ¶ 15. No Settlement Class Members objected to any aspect of the settlement, and no Settlement Class Members requested to be excluded. *Id*. ¶¶ 16–17. The lack of objections and exclusions strongly support approval of the settlement. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc,.* 221 F.R.D. at 528–29 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"); *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 833–34 (N.D. Cal. Aug. 22, 2017) (finding the reaction of class members weighed in favor of settlement where .03 percent of the class opted out, and 14 individuals objected); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043–44.

14
15
16
17
18
19
20
21
22
23

The claims rate also demonstrates class support for the Settlement. Here, approximately 5.4% of Settlement Class Members made a claim for benefits. *See* Chernila Notice Decl. ¶¶ 8, 15. Courts regularly approve settlements with much lower claims rates. *See Lee v. Glob. Tel*link Corp.*, No. 2:15-cv-02495, 2018 WL 4625677, at *7 (C.D. Cal. Sept. 24, 2018) (collecting cases, and finding a claims rate of 1.8% weighed in favor of approval); *Bayat v. Bank of the West*, No. C-13-2376 EMC, 2015 WL 1744342, at *5 (N.D. Cal. Apr. 15, 2015) (approving settlement with a claims rate of 1.9%); *Rose v. Bank of Am. Corp.*, No. 5:11-cv-02390-EJD, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (approving a TCPA class action settlement with a 3% claims rate); *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 3087078, at *3 (W.D. Wash. May 31, 2016) (approving settlement with a 1.1% claims rate).

24

This positive reaction supports final approval of the settlement.

25

      vi.      <u>The settlement treats Settlement Class Members equitably.</u>

26
27
28

Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes appropriate

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- 12

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory comm.'s note (2018).

Here, each Settlement Class Member has been and will continue to be treated equitably. Under the terms of the Settlement Agreement, each participating Settlement Class Member will receive a check equal to the same $100 portion of the $541,800 common fund. Klinger MPA Decl. ¶¶ 52–56. The Released Claims are also identical across all Settlement Class Members. *Id.* ¶ 74. As such, this factor supports final approval of the settlement. *See In re Google LLC Str. View Elec. Commc'ns Litig.*, No. 10-md-02184 CR*, 2020 WL 1288377, at *15 (N.D. Cal. Mar. 18, 2020) (finding class members treated equitably where all received identical relief); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *5 (S.D. Ill. Dec. 16, 2018) ("This proposal is fair and equitable because the class members' interests in the Avery judgment were undivided when they were lost and, thus, each class member's damages were identical. The proposed Settlement therefore entitles each class member to an equal, pro-rata share of the Settlement fund.").

vii.     Plaintiff and his counsel adequately represented the Settlement Class.

Lastly, Rule 23(e)(2)(A) requires that this Court determine that "the class representatives and class counsel have adequately represented the class." This Court previously found that Mr. Dennis and his counsel adequately represented the Class in its order preliminarily approving the settlement. Order of Prelim. Approval of Settlement at 2–3, ECF No. 94 ("PA Order"). Based on the excellent results obtained for Settlement Class Members and the high-quality work necessary to do so—as well as the successful completion of the notice campaign—Mr. Dennis and his counsel have demonstrated that they adequately represented the Class, and this Court should grant final approval to the settlement.

viii.    The proposed *cy pres* recipients are appropriate and should be approved.

*Cy pres* recipients should be "tethered to the nature of the lawsuit" or advance "the objectives of the underlying statute" of the case and settlement, such that they are the "next best" recipient apart from class members. *See Dennis v. Kellogg Co.*, 697 F.3d 858, 867 (9th Cir.

2012); *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011); *In re Classmates.com Consol. Litig.*, No. C09-45RAJ, 2011 WL 744664, at *5 (W.D. Wash. Feb. 23, 2011). Here, pursuant to the Settlement Agreement the Parties have nominated two separate healthcare organizations—St. Jude's Children's Research Hospital and Feeding America Food Banks— each to receive 50% of funds remaining after distribution. Both organizations are, like Amerigroup, healthcare-related organizations that are likely to serve the needs of Settlement Class Members who received Amerigroup's calls. Moreover, both St. Jude's Children's Research Hospital and Feeding America Food Banks also provide valuable services to the public-at-large. Neither the Parties, nor their counsel, have any connection to these organizations. Each has repeatedly been found to satisfy the relevant standard for *cy pres* distribution in the Ninth Circuit. *See, e.g.*, *Weeks v. Kellogg Co.*, No. CV 09-08102 MMM RZX, 2013 WL 6531177, at *3 (C.D. Cal. Nov. 23, 2013) (consumer class action approving $2.5 million *cy pres* distribution to Feeding America); *Ahdoot v. Babolat VS N. Am., Inc.*, No. CV 13-02823-VAP VBKX, 2015 WL 1540784, at *4 (C.D. Cal. Apr. 6, 2015) (consumer class action approving 50% *cy pres* distribution to St. Jude's Children's Research Hospital).

### b.    Distribution of class notice more than satisfied due process requirements.

Pursuant to Rule 23(e), in granting preliminary approval, this Court directed that KCC initiate the proposed notice plan, finding that it was "the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons and entities entitled to the notice" by the proposed settlement. PA Order 3–4. Such a finding is consistent with approval of similar notice plans in similar cases. *See, e.g.*, *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL, ECF No. 120 (D. Ariz. July 12, 2019) (approving similar notice plan in wrong-number TCPA class action); *Williams*, 2019 WL 1450090, at *5 (same); *James*, 2016 WL 6908118, at *2 (same).

Following this guidance, KCC distributed notice in a manner that exceeded this standard. In particular, KCC used all reasonable efforts to provide direct mail notice to each potential Settlement Class Member where the telephone number called was known. *See* Chernila Notice

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-CV-05165-JLR
- 14

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1  Decl. ¶¶ 5–12; *see also id.* at Ex. A. KCC supplemented this direct mail notice through a
2  dedicated settlement website and toll-free telephone number. *Id.*

3  In summary, the notice plan amply protected Settlement Class Members' due process
4  rights, and was the best practicable under the circumstances.

5  **c.    The Settlement Class should be finally certified.**

6  In its Preliminary Approval Order, the Court conditionally approved certification of the
7  Settlement Class. PA Order at 2. For all the reasons set forth in Plaintiff's preliminary approval
8  briefing (ECF No. 93), the PA Order, and described above, this Court should certify the class,
9  appoint Mr. Dennis as Class Representative and Settlement Class Counsel as Class Counsel, and
10  grant final approval of the Settlement.

11  **IV.    CONCLUSION**

12  Mr. Dennis respectfully submits that the settlement—which requires Amerigroup to pay
13  $541,800 into an all-cash, non-reversionary common fund—constitutes an excellent result for
14  Settlement Class Members that is only magnified by the fact that settlement administration costs
15  as well as any Court-approved attorneys' fees, costs, and service award is to be paid separate and
16  apart from the common fund. Settlement Class Members have been provided notice of the
17  settlement, and out of approximately 5,380 potential Members, *none* submitted an exclusion
18  request, and *zero* have objected. For the foregoing reasons, for the arguments for certification
19  and appointment of Class Representative and Counsel set forth in Plaintiff's Motion for
20  Preliminary Approval, Mr. Dennis respectfully requests that this Court finally approve the
21  settlement and enter a final judgment and order in the form agreed to by the Parties and
22  submitted concurrently to this Court.[4]

---

[4] The proposed Final Approval Order was also submitted with Plaintiff's Unopposed Motion for
Preliminary Approval. ECF No. 93-1, Ex. A-2.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 3:19-cv-05165-JLR
- 15

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1    Dated: March 2, 2021

*/s/ Gary M. Klinger*

2    Gary M. Klinger (*admitted pro hac vice*)
     **MASON LIETZ & KLINGER LLP**

3    227 W. Monroe Street, Ste. 2100
     Chicago, Illinois 60606

4    Phone: (202) 429-2290
     Fax: (202) 429-2294

5    gklinger@masonllp.com

6

7    Daniel M. Hutchinson (*admitted pro hac vice*)
     Evan J. Ballan (*admitted pro hac vice*)

8    **LIEFF CABRASER HEIMANN &**
     **BERNSTEIN, LLP**

9    275 Battery Street, 29th Floor
     San Francisco, California 94111-3339

10   Phone: (415) 956-1000

11

12   Michael C. Subit, WSBA #29189
     **FRANK FREED SUBIT &**
     **THOMAS LLP**

13   705 Second Avenue, Suite 1200

14   Seattle, Washington 98104
     Phone: (206) 682-6711

15   Fax: (206) 682-0401
     msubit@frankfreed.com

16

17   *Counsel for Plaintiff and the Class*

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Motion for Final Approval of
Class Action Settlement
Case No. 3:19-cv-05165-JLR
- 16

MASON LIETZ & KLINGER LLP
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Phone.: (202) 429-2290