THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DAVID DENNIS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERIGROUP WASHINGTON, INC., a Washington corporation,

Defendant.

Case No. 3:19-cv-05165-JLR

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

The Parties in this class action lawsuit have moved for final approval of their proposed class settlement. The Court preliminarily approved the Settlement Agreement on November 13, 2020, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

## I. Jurisdiction

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.[1]

## II. Class Definition

2. Under Federal Rule of Civil Procedure 23(c), the Court certifies the following "Settlement Class", consisting of

> All persons in the United States who received a non-emergency call from Amerigroup Washington, Inc. that played any artificial or prerecorded voice on or after March 5, 2015 through the date of class certification whose telephone number has been associated with a disposition code of "wrong party" at any time in Defendant's records.
>
> All persons in the United States who received a non-emergency call from Amerigroup, Washington, Inc. to a cellular telephone using an automated telephone dialing system on or after March 5, 2015 through the date of class certification whose telephone number has been associated with a disposition code of "wrong party" at any time in Defendant's records.

Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family.

## III. Class Representative and Class Counsel

3. Under Federal Rule of Civil Procedure 23, David Dennis is hereby appointed as Class Representative.

4. The following are hereby appointed as Class Counsel:

Daniel M. Hutchinson
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

Gary M. Klinger
MASON LIETZ & KLINGER, LLP
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (312) 283-3814

### IV.     Rule 23 Requirements

5.    Pursuant to Rule 23(a) Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

6.    Pursuant to Rule 23(b)(3), the Court finds that: (A) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (B) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

### V.     Notice and Opt-outs.

7.    The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all Class members who could be identified through reasonable effort.

8.    The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9.    No persons have made timely and valid requests for exclusion and thus all Settlement Class Members are bound by this Final Approval Order and Judgment.

### VI.     Final Approval of the Settlement.

10.    Pursuant to the Settlement Agreement, the Defendant has agreed to pay a Settlement Fund consisting of $100 for each individual where a wrong number code was listed in

Defendant's and/or its vendors' records, for a total of at least $541,800 (Five Hundred Forty-one Thousand Eight Hundred Dollars), and Settlement Costs consisting of (i) an award of attorneys' fees and costs to Class Counsel; (ii) an incentive award to Plaintiff; and all costs of the Settlement Administrator. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund.

11. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendant. The Court has not received any objections from any person regarding the Settlement. The Court held a hearing on March 23, 2021, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on November 18, 2020, and that ninety (90) days has passed without comment or objection from any governmental entity.

12. The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

13. The Settlement Administrator shall take all reasonable steps necessary to ensure that the settlement is effectuated in a manner consistent with the Settlement Agreement.

14. In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service be means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited

to limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

16. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

17. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

18. The Court further orders that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

19. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all

parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

### VII. Attorneys' Fees, Attorney Expenses and Class Representative's Award

20. The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $200,000. This amount shall be paid separate from and in addition to the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the Notice specifically and clearly advised the Class that Class Counsel would seek the award.

21. The Court approves the incentive fee payment of $10,000 for Class Representative and specifically finds that amount to be reasonable in light of the service performed by the Class Representative for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22. Neither this Final Approval Order and Judgment as to the Defendant, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

The Clerk is hereby directed to enter this Final Approval Order and Judgment.

IT IS SO ORDERED.

Dated this 23rd day of March, 2021.

                                                  */s/ James L. Robart*

                                            James L. Robart

                                            United States District Judge